HARDY, et. al. vs. GASCOIGNES & HOLLY.

1. In a trial of the right of property between a plaintiff in execution and a third person, it does not devolve on the former to produce the judgment on which the execution issued.

2. A sheriff's return upon an execution, when made in pursuance of law, is matter of record, and in all cases, where the execution is admissible as evidence, the return is also evidence.

3. The statute of eighteen hundred and twenty-eight,* enjoins it upon a jury, when they find property subject to execution, to find the value of each article separately; but the claimants of property levied on by virtue of an execution, have no right to complain that a jury are unable to do so, as it places them in a more favorable condition than they would otherwise be.

4. There is no statute authorising the rendition of a judgment against a surety for costs, in a bond for the forthcoming of goods levied on in execution, and claimed by a third person, —and without the authority of a statute, such a judgment is irregular.

5. A verdict of condemnation, followed by a judgment, is conclusive against the right of the claimants, and all persons claiming under them; and the question of liability, to the satisfaction of the execution, cannot be again litigated in any subsequent controversy.

Error to the Circuit court of Wilcox county.
Proceedings to try the right of property under a sheriff's levy.

---

* Aik. Dig. 169, 170.

In this case, it appeared by the record, that at the September term of the Circuit court of Dallas county, eighteen hundred and thirty-three, James B. Gascoigne, Charles Gascoigne and William De Forest Holly, endorsees of Thomas B. Sorrell, the plaintiffs, recovered a judgment for eighteen hundred and seventy dollars, and fifty-six cents, against Seaborn J. Sorrell, the defendant, for the non-performance of certain promises and assumptions, by the defendant to plaintiffs, made and not performed; upon which judgment, on the seventh day of October, in the same year, a *fieri facias* issued, directed to the sheriff of the said county, commanding him of the goods and chattels, &c. of defendant, to make said sum of money, and also a certain sum for costs expended by plaintiffs in that behalf, and that he should have the moneys so made, to render to plaintiffs at the next term of the said court.

And on the twenty-second of October, in the same year, the sheriff of said county, levied on sundry goods, wares and merchandise, as the property of defendant, valued by said sheriff at two thousand and ten dollars, a schedule of which was appended to the execution; when John Hardy, of the firm of John Hardy and Company, made oath, that the goods, wares and merchandise, levied on, were not the property of the defendant in the execution, but did of right belong to himself and one John Sorrell, who comprised the firm of John Hardy and Company.

And thereupon, John Hardy, John Sorrell and P. Walter Herbert, entered into bond to the plaintiffs in the execution, reciting, that whereas the sheriff of Dallas county, had levied a writ of *fieri facias* in favor of said plaintiffs, upon certain goods, wares and merchandise, as the property of Seaborn J. Sorrell, which the said John Hardy claimed as of right to belong to himself and one John Sorrell. Now, if either of the said obligors, should upon the trial of right to said

goods, wares and merchandise, in the Circuit court of said county, at the next term, deliver said goods, wares and merchandise to the said sheriff, or his successor in office, whenever the claim of the right to the property aforesaid taken, should be determined by the said Circuit court, to be liable to the satisfaction of said writ of *fieri facias*, then the obligation to be void, otherwise, &c.

And at the Spring term, eighteen hundred and thirty-four of said court, came the parties, and on motion of the claimants, for sufficient reasons, made apparent by the affidavit of their agent and attorney in fact, Seaborn J. Sorrell, it was ordered by the court, that the venue of the case should be changed to the county of Wilcox, and that the clerk of the court should certify the record accordingly.

And at the Spring term, of the same year of the Circuit court of Wilcox county, the plaintiffs in the execution aforesaid, stated upon the record, that the property levied upon was liable to their execution, and was not the property of the claimants, which they were ready to verify—which statement the claimants denied, and took issue.

And at the Spring term of the same court, eighteen hundred and thirty-five. came the parties, and a jury, who being elected, &c. and sworn well and truly to try the issue joined, upon their oaths said, they found the goods, wares and merchandise, levied on by virtue of plaintiffs' execution subject thereto, and for want of evidence of the value thereof, they did not assess the value of the same. It was therefore considered by the court, that the property levied on by plaintiffs' execution, was subject thereto as by the jury aforesaid, in manner and form aforesaid was found, and that the plaintiffs have execution, to recover of the claimants, and P. Walter Herbert, their security, the costs by them therein expended, for which execution might issue, &c.

And thereupon said claimants made a motion for a new trial, on the ground that improper testimony was allowed to go to the jury; also that the verdict was defective; which motion being argued and considered, it seemed to the court that the said motion should be sustained, and a new trial was granted.

And at the Fall term, eighteen hundred and thirty-six, of the same court, came again the parties, and a jury, who being duly elected, &c. and sworn well and truly to try the issue joined, upon their oaths said, they found the goods, wares and merchandise, levied on by virtue of the plaintiffs' execution subject thereto. It was therefore considered by the court, that the goods, wares and merchandise, levied on by virtue of the plaintiffs' execution should be subject thereto, and that the plaintiffs in the execution, recover of the claimants and P. Walter Herbert, their security, the costs herein expended, for which execution might issue.

The bill of exceptions stated, that on the trial of the cause, the plaintiffs in the execution, to maintain the issue on their part to be proven and maintained, offered in evidence the execution issued in favor of the plaintiffs against Seaborn J. Sorrell, the defendant in execution, to the introduction of which, the claimants objected, unless or until the plaintiffs should produce the judgment upon which it was predicated, which motion the court overruled, and admitted the execution to go in evidence to the jury, without the production of any judgment, or record of any judgment, upon which it had issued. And the plaintiffs, further to maintain their part of the issue, offered in evidence, the return of the sheriff on said execution,—to the introduction of which, the plaintiffs also excepted; which exceptions the court overruled, and permitted said return to be read in evidence; and there being no evidence adduced to prove the value of the goods levied upon, the claimants moved the court to charge the jury, that unless they could find the value of the

goods, they could not find for the plaintiffs. But the court refused so to charge, and on the contrary, charged the jury, that they might find the property subject to the plaintiffs execution, without finding the value, if no proof had been adduced from which they could conclude the value. To all of which the claimants excepted, &c.

And now at this term came the plaintiffs in error, and assigned for error:

1. That the court below rendered judgment against P. Walter Herbert;

2. That the court below erred in rendering any judgment, as the verdict was not sufficient to authorise it;

3. That the court below erred in overruling the motion in arrest of judgment;

4. That the court erred in giving the instructions excepted to by the claimants, and in refusing to give the instructions prayed for, as shewn in the bill of exceptions.

*Edwards*, for the plaintiffs in error.

COLLIER, C. J.—The defendants in error having recovered a judgment against Seaborn J. Sorrell, in the Circuit court of Dallas, caused a *fieri facias* to be issued thereon, and levied upon sundry articles of merchandise in his possession. To the property thus levied on, John Hardy and John Sorrell interposed a claim according to the statute in such cases, and together with P. Walter Herbert, their co-plaintiff, entered into bond to try the right. On the trial of the right of property, the defendants in error offered in evidence, their execution on which the levy was made, to which the claimants objected, unless the judgment was first produced; but the court overruled the objection, and allowed the *fi. fa.*, together with the return of the sheriff to be read to the jury; whereupon the claimants excepted, &c.

The court charged the jury, that it was competent for them, if the evidence authorised it, to find the property claimed, subject to the execution of the defendants, though they might not be able from the proof, to find the value of each article of property; to which charge, the claimants also excepted, &c. And the jury found the property liable to the satisfaction of the execution, without finding the value of each article separately; and thereupon a judgment was rendered, condemning the property to its satisfaction, and against the claimants and their surety for the costs. To revise which judgment, all of them now join in the prosecution of a writ of error to this court.

In regard to the first question arising upon the bill of exceptions, it was determined in *Carlton* et. al. vs. *King*,[*] that in a trial of the right of property between a plaintiff in execution and a third person, it does not devolve upon the former to produce the judgment on which the execution issued—that between them, the production of the execution is sufficient. If the execution be admissible, we cannot conceive why the sheriff's return should be excluded; for when made *in pursuance of law*, it becomes matter of record, and as such, is clearly evidence. Besides, the legislature having made a copy of the execution and sheriff's return, evidence where a contest arises in a different county than that where the judgment is rendered, impliedly declare the admissibility of the original.[†] The decision of the court on this point is, then, free from objection.

It is true, that the statute of eighteen hundred and twenty-eight,[‡] enjoins it upon the jury as a duty in all cases, when they shall find the property subject to the execution, to find the value of each article separately. But to determine how this *provision* of the act shall be expounded, we must have a regard to the old law,—the mischief and the remedy. Now, by the old law, if pro-

---

* 1 Stew. & Por. 472.     † Aik. Dig. 170.     ‡ Aik. Dig. 169, 170.

perty was condemned upon the trial of the right, and was not delivered to the sheriff, the bond was to have the force and effect of a judgment, and on notice and motion, execution was to be awarded against the claimant and his sureties. The mischief was this: though the property might not be worth one-tenth of the amount of the execution,—or though every article but one, (and that of very little value) was delivered to the sheriff, yet the claimant and his surety were bound to satisfy the execution. The remedy proposed, was the prevention of such injustice, by adjusting the liability of the claimant and his surety, with a strict regard to the value of the property claimed, and not delivered. The statute then, was for the benefit of claimants and their sureties; yet by the repeal of the pre-existing law, its observance is made still more beneficial to the plaintiff in execution. For unless the jury affix a value to each article of property, upon a failure to make delivery to the sheriff, the plaintiff would not be allowed, on motion, to obtain a judgment for the default; because it would not appear by the judgment, how much he should recover. And this proceeding, being exclusively prescribed by statute, which provides the mode of admeasuring the extent of the claimants liability, no other means of ascertaining this, would be allowable. Thus it appears, that the plaintiffs in error have no right to complain, that the requisition of the statute was not complied with; for instead of injury, it places them in a more favorable condition. Had the value been assessed, they would have been compelled to make it good, but now they are only liable for costs on the judgment *against them.*

A verdict of condemnation, followed by a judgment, as in the present case, must be taken as conclusive against the right of the claimants, (and all claiming under them) and they would not be allowed to litigate the question of its liability, to the satisfaction of the execution, in any controversy afterwards arising.

We have considered the verdict and judgment only

2H

as they relate to the proceeding under the statute. If the property levied on, be not returned to the sheriff, in obedience to the undertaking of the claimants and their surety, it is competent for the plaintiffs in execution to sue an action at law upon the bond, and recover damages for the breach of the condition.

We have no statute authorising the rendition of a judgment against a surety for costs, (in a case of this kind) directly upon the return of the verdict of the jury. And without the authority of a statute, there can be no pretence for maintaining the regularity of such a judgment.

For the error in this particular, the judgment must be reversed, and rendered here against the proper parties.