BURNETT, WILROY & CO. *vs.* MAXEY.

1. On a trial of the right of property, the plaintiff in execution cannot complain, that the verdict in his favor does not ascertain the value of the property in dispute.

2. The verdict of a jury is presumed to conform to the evidence, unless the contrary appear from the record.

3. Where the jury omit to find the value of the property in controversy, if it is not returned to the sheriff, in obedience to the condition of the bond of the claimant, the plaintiff in execution may prosecute an action at law, and recover damages for the breach.

Error to Morgan Circuit court.

Trial of the right of property, before *Lane*, J.

This was a proceeding in the Circuit court of Morgan, to try the right of property under the statute, to three slaves. On the trial, the jury found the slaves subject to the execution of the plaintiffs in error, but did not ascertain by their verdict, the value of each, as required by law, or the aggregate value of all. The court rendered a judgment on the verdict, condemning the property to the satisfaction of the execution, and against the claimant (the present defendant) for costs.

The plaintiffs now object to the proceedings in the Circuit court, on the ground, that the verdict is too defective to sustain the judgment.

*Robinson*, for plaintiffs in error.

COLLIER, C. J.—In Hardy et al. vs. Gascoignes & Hol-

Burnett, Wilroy & Co. *vs.* Maxey.

ly, (6 Porter, 447,) the precise question presented by the assignment of error, was made and decided at the instance of the claimant. In that case, the court determined that the claimant had no right to complain, that the statute which requires the jury to find the value of each article separately, had not been complied with; for instead of being injured, he was placed in a more favorable condition. Had the value of the property been assessed, he would have been obliged to make it good, but being merely found subject to the execution, he was only liable for the costs of the proceeding, to try the right.

It is difficult to conceive of any course of legal reasoning, which allows the plaintiffs to question the regularity of their own judgment. They were the plaintiffs in execution, in the Circuit court, and if they desired to avail themselves of the benefit of the remedies offered *by the statute*, they should have shown at the trial, the value of each of the slaves, or if proof was adduced to that point, and the jury, notwithstanding, omitted to declare by their verdict, their respective values, they should have sought a new trial. The presumption is always indulged, unless the reverse appears, that the jury have done their duty, by conforming their verdict to the evidence. There is nothing in the record to inform us, that the verdict is not such as the proof required, and the intendment in favor of its correctness, would acquire force, if necessary, from the omission to move the Circuit court for a new trial.

But the plaintiffs cannot be ultimately prejudiced by the generality of the verdict; for if the slaves be not returned to the sheriff, in obedience to the condition of the bond of the claimant and his sureties, it will be compe-

tent for the plaintiffs to cause an action at law, to be brought upon the bond, and recover damages for the breach—(Hardy et al. vs. Gascoignes &. Holly, 6 Porter, 454.)

The judgment of the Circuit court is affirmed.