## PHELAN v. FANCHER.

1. The claimant of property under the statute, cannot object on error, that the jury in condemning it to the satisfaction of the plaintiff's execution, have not found the value of each article separately.
2. The issue on the trial of the right of property, is an affirmation on the one side that it is liable to plaintiff's execution, and a denial on the other; and a verdict finding the issue in favor of the plaintiff, is equivalent to an affirmance of its truth *in totidem verbis.*
3. It is permissible for a plaintiff to waive every thing to which the verdict of a jury has ascertained he was entitled, and have a judgment rendered, for costs alone.
4. Where the judgment is rendered in favor of the "plaintiff," where there are more than one, it will be intended to be a mere clerical error.
5. The claimant of property cannot object on error, that a judgment rendered on a verdict against him, does not subject the property to the execution, or order a sale.

WRIT of error to the Circuit Court of Shelby.

This was a trial of the right of property, under the statute, at the suit of the defendant in error, as the plaintiff in execution, against the plaintiff and his wife. The husband alone makes the affidavit, and executes the bond, but the affidavit affirms, that the two slaves levied on are the property of the husband and wife, in right of their infant children, who are particularly named. The condition of the bond also describes the claim as being interposed by them as trustees for their children : the issue is made up between the plaintiff in execution and the claimants ; and the judgment entry, after reciting the appearance of the parties, and the empannelling the jury, proceeds thus, " upon their oaths do say they find the issues in favor of the plaintiff, and the property levied on under the execution in favor of the plaintiff, and to be sold in satisfaction thereof. It is therefore considered by the court, that the plaintiff recover of the claimant the costs of this suit, for which execution may issue, &c."

MOODY, for the plaintiff in error, insisted, that the verdict does not find the value of the property, nor does it determine that it is subject to the execution. [Aik. Dig. 170.] The judgment is

also defective, because 1. It is for costs alone—[2 Stew'ts Rep. 10.]   2. It is against only one of the claimants.   3. It does not subject the property to the execution, or order a sale.

No counsel appeared for the defendant.

COLLIER, C. J.—In Hardy, et al. v Gascoignes & Holly, [6 Porter's Rep. 447,] it was determined, that although the act of 1828, " The better to provide for the trial of the right of property, and other purposes," requires the jury in all cases, where they shall find the property levied on subject to the execution, to find the value of each article separately.   Yet as the claimant cannot be prejudiced, but rather benefited by the omission of the jury to perform that duty, he cannot avail himself of it as a ground of error.   [See also, Burnett, Wilroy & Co. v. Maxey, 9 Porter 410.]

The issue submitted to the jury is an affirmation on one part, that the property is liable to be sold to satisfy the plaintiff's execution, and on the other a denial of that averment.   A verdict, finding this issue in favor of the plaintiff, is equivalent to an affirmance *in totidem verbis*, of its truth in the precise terms in which it is stated; but if more was required, it may be found in the verdict as recorded.   The jury do not stop with finding the issue in favor of the plaintiff, but the verdict goes farther, and asserts that the property levied on is liable to be sold in satisfaction of the execution.

In Pickens v. Hayden & Meriam, [2 Stew't, 10,] it was decided that a judgment by *default* for costs only, was irregular, and it is argued, that that case is conclusive against the judgment in the present, because it is there said that a judgment for costs only, unless it be by confession, is erroneous.   The question was not whether, if the judgment had been confessed *it* should be reversed, but the court merely mentions a judgment in that form as excepted from the influence of its decision; and as it was not the matter of inquiry presented by the record, the remark in the opinion cannot be allowed to exclude all other exceptions.   Judgments on verdict seem to us to occupy a position quite as favorable as any other; and if the jury have ascertained the plaintiff's right of recovery, it is competent for him to waive either expressly or impliedly, every thing accorded by the verdict, and take his judgment for the costs alone.   By failing to cause a judgment to

be rendered according to the terms of the verdict, the plaintiff in execution may, *in the form in which this case is presented*, be understood as assenting to a relinquishment of every thing but his costs.

The judgment, it is true, is in the singular number, viz : " that the plaintiff recover of the claimant, &c. ;" but this has been frequently held to be a mere clerical error, and the intendment is, that the recovery is against those who are parties to the issue.

The objection that the judgment does not subject the property to the execution, or order a sale, is one of which the claimants can not avail themselves.    If it be an error, it rather benefits than prejudices them, and the rule is, that a party can not avail himself of an error committed in his favor.

We have not thought it necessary of our own motion, to say any thing of the writ of error being sued out by one of the claimants only.   Our conclusion is, that although the proceedings evince a disregard of every thing like technicality, there is no error which will avail the claimants ; and that the judgment must be affirmed.