## WEISSINGER v. THE STATE.

1. It is irregular to tax an attorney's fee and the county tax upon a judgment *nisi* on a recognizance, when the judgment is afterwards at the same term set aside on condition that all costs shall be paid.

2. A writ of error will lie against the State on the refusal of the court to strike out improper items in the bill of costs in a State case, and the State is a proper party.

3. But where no judgment is entered on the motion, there is nothing to sustain a writ of error, and if one is sued out it will be dismissed.

Weissinger v. The State.

Writ of Error to the Circuit Court of Perry.

WEISSINGER and JOHNSON were indicted in the circuit court of Perry for charging and receiving tolls unlawfully on the Cahawba river. Weissinger entered into recognizance with A. B. Moore as surety, binding himself and surety each in the sum of $100 for his appearance, and Johnson in the same manner, with H. Davis as his surety. Having failed to appear, recognizances were estreated, a judgment *nisi* entered against the sureties as well as the principals, and *sci. fas.* were ordered. Afterwards, during the same term, both defendants appeared, and the judgments *nisi* were set aside on payment of all the costs. No *sci. fas.* were issued or other proceedings had on the judgments *nisi*.

On this state of the record, the clerk taxed each of the defendants with a solicitor's fee of $6, and the county tax of $2. The defendants moved to strike out those items from the bill of costs and to re-tax the same, but the court ruled these items were properly charged, and refused to strike them out.

A joint writ of error was sued by Weissinger and Johnson, but on motion, it was amended by striking out the name of the latter.

The refusal of the court to strike out the disputed items is now assigned as error.

A. B. MOORE, for the plaintiff in error, insisted that the solicitor was not entitled to a tax fee, unless a *sci. fa.* was issued and successfully prosecuted. [Smith v. State, 7 Porter, 495; Digest, 236.] A suit cannot be said to be commenced until a *sci. fa.* is actually issued, nor is the county tax to be assessed except in such cases. [Digest, 575, § 94.]

ATTORNEY GENERAL, contra, argued the writ of error should be dismissed, as the State is no party, nor has any interest in this matter. If the case is subject to revision, the officers interested, and not the State, should litigate the questions. If the cause is reversible here in the manner presented, then he contended:

1. The judgment or the recognizance is several, and each

one is responsible for costs. [Hamer v. State, 1 Ala. Rep. 120.]

2. The solicitor had the right to prosecute a *sci. fa.*, and the court having declined to excuse the default without the solicitor's consent, that consent ought not to deprive him of fees to which he otherwise would have been entitled. But independent of this, the court had the right to grant or refuse the excuse, and having imposed the costs, and afterwards refused to diminish those taxed, no other court will revise the discretion. [Digest, 481, § 33; Reynolds v. Bell, 3 Ala. Rep. 57; Cunningham v. Pool, 9 Ib. 615.]

GOLDTHWAITE, J.—1. The statutes which authorize the fee to the attorney, as well as the county tax, speak of suits either as commenced or prosecuted or defended. [Dig. 236; Ib. 575, § 94.] In our judgment, there is no sufficient reason to consider the estreating of a recognizance by a judgment *nisi*, as a suit either commenced or prosecuted. The judgment *nisi* is in no sense of the term, process commencing a suit, but is rather the foundation upon which a suit may afterwards be prosecuted by *sci. fa.* We think it clear the items, both of attorney's fee and county tax, were improperly taxed, and should have been rejected by the court.

2. But the Attorney General urges that the State has no interest in this matter, and therefore should not be a party to the writ of error, but rather that those interested in the fees allowed should litigate this question. It would perhaps be desirable that such a rule could be adopted, as suitors would thus be relieved from prosecuting questions in which they have little or no interest; but we are aware of no warrant to introduce the officers of court upon the record, even in matters of cost. The question of taxing and re-taxing costs has been several times before the court by writ of error—[Kelly v. Renfro, 10 Ala. Rep. 338; Braly v. Hodges, 3 Porter, 336; Smith v. Donaldson, 3 S. & P. 395]—and although the practice is certainly inconvenient as well as expensive, there seems no other mode in which a revision can be had.

3. In this cause, however, the writ of error must be dismissed because of the omission of the record to disclose that any judgment whatever was rendered on the motion to re-

tax the costs. The only judgments which are made to appear in the transcript are those estreating the recognizance and afterwards discharging the defendant from the indictment by sustaining a demurrer to it. Neither of these are brought up by the writ of error, and if they were both before us, there is nothing to reverse them. It is true, the bill of exceptions states the questions supposed to arise, and on which our opinion has been already expressed, but this will not supply the place of a judgment. For any thing which appears, the same questions may again be considered at another term, and the costs then re-taxed.

Writ of error dismissed.