## CREAGH v. SAVAGE.

1. The return of a sheriff, or other officer, to an execution, made pursuant to law, is a part of the record of the court, and admissible as evidence in all cases, where the record itself could be used.

2. A coroner having sold property under execution, and conveyed it to one Ezell, who at his instance became the purchaser, and afterwards conveyed the property to him, which he subsequently leased and hired to the defendant in execution—Held, that upon a trial of the right, the same property being levied on as belonging to the defendant in execution, it was competent for the coroner, who was claimant, to adduce these facts in evidence to prove property in himself, and rebut the presumption of fraud.

3. Where property is sold at a public sale under execution, the subsequent possession by the defendant in execution, is not *prima facie* evidence of fraud, when the same property is again levied on at the suit of another creditor.

Error to the Circuit Court of Clarke.    Before the Hon. J. Bragg.

TRIAL of the right of property, in which the defendant in error was claimant. The plaintiff claimed under a levy upon certain slaves, under an execution against Robert B. Patterson. The plaintiff proved possession in Patterson before, and at the time of the levy. The claimant was coroner of Clarke county, and as such levied certain executions on the slaves in question, and offered in evidence the executions, and the returns made thereon. This was objected to by the plaintiff, but admitted by the court. He further proved, that at the sale of Patterson's property, one M. Ezell became the purchaser, at the instance of the claimant, that he gave Ezell a bill of sale as coroner, and then Ezell re-conveyed the same property to him.

He also introduced an instrument of writing, as follows: I, James Savage, have this day left in the hands of Robert B. Patterson, the following property until the crop is gathered, viz: &c., (describing it,) which above mentioned proper-

ty, I am to deliver to the said Savage, so soon as the crop is gathered, or by the first January next; this the 8th October, 1844. Signed Robert B. Patterson, and offered to read the same to the jury, having proved its execution, to explain the possession of Patterson, and it was permitted to be read, against the objection of the plaintiff.

The claimant also proved, and read, against the plaintiff's objection, an instrument executed by Patterson, dated 11th January, 1845, by which he promised to pay the claimant five hundred and eighty dollars, for the rent of a plantation, fixtures, plantation utensils, &c., and for the hire of certain slaves, (including those in dispute,) on the first of January after.

The court charged the jury, that if the property was sold at a public sale under executions, the subsequent possession of the defendant in execution of the property sold, was not even *prima facie* evidence of fraud, so as to subject it to creditors of defendant in execution. This charge was excepted to, and as well as the other matters set forth in the bill of exceptions, are now assigned as error.

BLOUNT, for plaintiff in error.

HENLEY, contra, insisted—

1. That there was no error in admitting the return by the coroner upon the executions, mentioned in the record, as evidence for the claimant. See 1 Phil. Ev. 391; 3 Ph. Ev. 1085, 1092-3-4-5; 6 Ala. Rep. 587; Spoor v. Holland, 8 Wend. 445-7; 7 Serg. & R. 369; Staunton v. Hodges, 6 Verm. Rep. 66; Hathaway v. Goodrich, 5 Ib. 65; 6 N. H. Rep. 393; Putnam v. Mann. 3 Wend. 202; Ten Eyck v. Walker, 4 Ib. 462; 5 Yerg. 65. Pigot v. Davis, 3 Hawks. Rep. 25 to 28. There was no objection to the introduction of the executions themselves, and when they were in, it was too late to object to the returns, because, a sheriff's return on an execution, when made in pursuance of law is matter of record, and in all cases where the execution is admissible, the return is also evidence. Hardy et al. v. Gascoigne & Holly, 6 Por. 447.

2. It was not error to admit in evidence the bills of sale

from the coroner to the purchaser, and from him to claimant. The bills of sale were merely links in the claimant's chain of title. They were proper to show that title had passed out of the defendant in execution to the claimant. The plaintiff having made out a *prima facie* case, it becomes necessary for the claimant to show title in himself. The bills of sale were competent, to some extent at least, to prove this. They were parts of the *res gestae* of facts necessary to be proved. It is not shown that this was all the evidence offered of title. It having been decided by this court in Creagh and Forwood v. Savage, 9 Ala. Rep. 959, that the claimant could purchase at a sale made by himself under execution, it was clearly competent for him, that he had in fact made the purchase.

3. It was not error to admit the contracts of hiring in evidence. The fact of hiring was clearly competent testimony. If *bona fide*, it was competent to explain the possession of the defendant in execution, and its *bona fides* could not be shown without at the same time proving the fact of hiring itself. See Andrews & Bros. v. Jones et al. 10 Ala. Rep. 400, head note 4. It is clearly a part of the *res gestae*, and as such may be proved. See 1 Ph. Ev. 231; 2 Ib. 585, C. & H's Notes; see also, Webster v. Smith, 10 Ala. 429-30.

4. The charge of the court below is fully sustained by the authorities. It is in the very words of this court in Abney v. Kingsland & Co. 10 Ala. 355. See also, 2 St. Ev. 619 to 621; Kidd v. Rawlinson, 2 Boss. & P. 59; Watkins v. Birch, 4 Taunt. 823; Cole v. Davis, 1 Ld. Raym. 724; Cawthorn v. McGraw, 9 Ala. R. 524-5; Brandon v. Snow & Cungingham, 2 Stew. 255; Greathouse et al. v. Brown, 5 Monroe, 282; 2 Marsh. 56-7; Kibby v. Haggin, 3 J. J. Marsh. 213; Ib. 653-4, 713; 4 Dallas, 108; Anderson v. Brooks, 11 Ala. 958; Joseph v. Ingram, 8 Taunt. 838; Latimer v. Batson, 4 B. & C. 652; Leonard v. Baker, 1 M. & S. 251; Laughlin v. Ferguson, 6 Dana, 118, and the cases there cited; State Bank v. McDade, 4 P. 252; Simerson v. Br. Bank at Decatur, 12 Ala. 205, 213.

CHILTON, J.—This was the trial of the right of property. On the trial in the circuit court, the plaintiff introduced evidence tending to show that the property in controversy both

before and at the time of the levy of his execution, was in possession of Patterson, the defendant in the *fi. fa.* The claimant, Savage, then introduced evidence tending to prove that while he was coroner of Clarke county, certain executions against said Patterson came into his hands. That he levied upon and sold, as coroner, the effects of said Patterson, and one Ezell became the purchaser, at the instance, and for the benefit of Savage. That a bill of sale was executed for the property by Savage to Ezell, who afterwards re-conveyed to Savage.

The claimant, notwithstanding the plaintiff's objection, was allowed to prove and read to the jury an instrument in writing signed by said Patterson, by which the latter acknowledged he had received from Savage, or, rather, that Savage had left in his possession certain negro slaves, and other property, embracing cattle, horses, hogs, sheep and household furniture, which were to remain with Patterson until the crop should be gathered, which Patterson undertook to gather for Savage, after which, or by the first of January then next, the property was to be delivered up to Savage. The plaintiff in execution also excepted to the reading of a note for $500, which Patterson had executed to Savage, in consideration of the hire of the slaves, plantation, &c. for the year next succeeding the negotiation; and also, to the reading of the bill of sale from Savage to Ezell, and from the latter to Savage.

The court charged the jury, that if the property was sold at public sale under execution, subsequent possession by the defendant in execution of said property, was not even *prima facie* evidence of fraud, so as to subject it to the debts of the defendant in execution. This charge was also excepted to, and the assignments of error present for revision the legality of the evidence admitted, and propriety of the charge.

1. In Hardy v. Gascoigne et al. 6 Porter's Rep. 447, the court say, "if the execution be admissible, we cannot conceive why the sheriff's return should be excluded; for when made *in pursuance of law*, it becomes matter of record, and as such, is clearly evidence. The return is a response to the execution. The law requires the officer to make it, and

holds him and his sureties liable if he fail to make it conform to the truth of the case. When the execution is returned by the sheriff, it becomes a part of the record of the court, and is admissible in all cases where the record itself can be used, (Harwell v. Martin, Pleasants & Co. 6 Ala. R. 587,) and we see no reason 'why the return of the officer should not be evidence in this case, as showing the levy and sale of the property in suit, and consequent satisfaction of the execution.— See Smith v. Leavitts, 10 Ala. 92 ; s. c. 13 Ib.

2. In Creagh and Forwood v. Savage, 9 Ala. 959, it was held, that a purchase by a sheriff at his own sale was not absolutely void, but voidable merely, and that creditors could have relief in equity against such sale. We are not disposed to disturb this decision, which seems to have been well considered, and under which titles to property may have vested, which it would be unjust to vacate. The law being thus settled, it follows, that the sheriff or coroner may do by another what they are permitted to do by themselves. The conclusion results, that the purchase by Ezell on behalf of the coroner, not being void, but voidable only, the evidence of the purchase, which was the return on the *fi. fa.* and the bills of sale were properly allowed to go to the jury. They were executed before the institution of these proceedings, and constitute links in the claimant's chain of title. All we need decide is, the proof was admissible ; for no charge was asked which involved its effect or legal sufficiency.

3. The notes for the hiring, made anterior to the institution of this proceeding, were relevant testimony. It was certainly competent, in order to rebut any presumption of fraud for the claimant to prove that he had hired the property in dispute to the defendant in execution. Andrews & Bros. v. Jones, 10 Ala. 400. The proof certainly amounted to a declaration on the part of the defendant in the execution, while in the possession of the property, that it belonged to the claimant, and such proof was held admissible in the case of Webster v. Smith, 10 Ala. Rep. 429, notwithstanding the statute excluding the defendant in the execution from being a witness.

4. With respect to the charge, we are not prepared to say,

that it is erroneous. It cannot be denied, that in an absolute sale of personal chattels, the retention of possession by the vendor is *prima facie* evidence of fraud, but it is held, that the notoriety and publicity of sales under execution, &c. exempts them from the application of the rule. The law was expressly so ruled in Simerson v. The Branch Bank &c. at Decatur, 12 Ala. Rep. 205, where it is said, "in the case of a public sale of goods, the purchaser may leave them with the former owner upon a contract with him, or from mere kindness or benevolence, and if this conduct is *bona fide*, and is not intended to delay, hinder or defraud creditors, he will hold the property against the other creditors of the debtor." And the doctrine seems to rest upon many authorities: 2 Stark. Ev. 619; Kidd v. Rawlinson, 2 B. & P. 59; Watkins v. Birch, 4 Taunt. 823; Cole v. Davis, 1 Ld. Raym. 724; Joseph v. Ingraham, 8 Taunt. 338; Latimer v. Barton, 4 B. & C. 652; Bank of Alabama v. McDade, 4 Por. R. 266; Cawthorn v. McGraw, 9 Ala. R. 524; Abney v. Kingsland, 10 Ala. 363; Anderson v. Hooks, 11 Ala. Rep. 958. The charge was correct as an abstract proposition of law, and was not calculated to mislead the jury. If the plaintiff desired to have the opinion of the court as to the application of the rule to any particular feature, in the cause, she should have asked for appropriate charges, and cannot be heard to say the charge was too general when applied to the facts in proof. See Knox v. Reeves, Battle & Co. at the present term.

Let the judgment be affirmed.