## BARRON, Adm'r, vs. TART.

1. A judgment, not absolutely void, cannot be collaterally impeached, and until set aside in a direct proceeding, an execution may properly issue upon it.

2. The act of 1843, repealing so much of the act of 1812 as allows the sheriff half commissions on the amount of an execution, where a levy has been made and the sale stayed by *process of law*, was not intended to operate retrospectively, so as to deprive him of commissions, to which he had thus become entitled, but which had not been collected when the repealing act was passed.

3. The half commissions, to which the sheriff is entitled, upon the levy of an execution on property, the sale of which is stayed, becomes a part of the costs of the case, and may, without motion to the court, or notice to the defendant, be taxed by the clerk as such in an execution subsequently issued. (Overruling The Oswichee Co. v. Hope & Co., 5 Ala. 620.)

4. Where it does not appear that the final record has been made up, the original papers in the cause are admissible in evidence.

5. The endorsement of a levy on an execution by the sheriff or his deputy, being an act required by law, is to be considered as true, until impeached, and is admissible in evidence, without proof of the hand-writing of the officer.

ERROR to the County Court of Perry.

THIS was a motion made by the plaintiff in error, as administrator of James B. Tutt, against the defendant in error, to quash an execution and to re-tax the costs. It appears that the defendant in error recovered a judgment in the County Court of Perry against the said James B. Tutt in his life-time, on which execution issued on the 5th December 1841, and was placed in the hands of the then sheriff of Sumter county; that the sheriff levied said execution on sundry slaves as the property of the said

James B. Tutt and that the sale thereof was stayed by injunction; that the said Tutt on the dissolution of the injunction paid off the principal and interest of the judgment, and died, leaving the costs unsatisfied; that the defendant in error after his death sued out a *scire facias* against the plaintiff in error, as his administrator, to revive said judgment as to the unsatisfied costs, and that a judgment of revivor being rendered, the clerk issued execution for not only the court costs, but the commissions of the sheriff arising upon the levy made by him before the injunction was obtained. The judgment of revivor is set out in the bill of exceptions and is in the following words: "It is therefore considered by the court that the said judgment in said *scire facias* mentioned and set forth be, and the same is hereby revived against the said John Barron, administrator of James B. Tutt, and that execution issue thereon, to be levied and made of the goods and chattels in the hands of said John Barron, administrator as aforesaid, unadministered; but since it appears that the said judgment sought to be revived, except as to the costs, has been satisfied, it is ordered and adjudged that the execution issue only for the costs of said original judgment, as well as for the costs of this suit, &c." It was shown upon the hearing of the motion that the whole of the execution on this revived judgment had been paid off except that portion which consisted of the sheriff's commissions before refered to. The defendant in error offered to read the execution issued on the original judgment and the return thereon, showing the levy, &c., to which the plaintiff in the motion objected on the ground that it was not the best and highest evidence, and because the hand-writing of the sheriff, who made the return, was not proven, but the objection was overruled and the evidence admitted. The court decided that there was no error in the taxation of the costs, that the execution rightfully issued, and that the motion be discharged. To the rulings and judgment of the court the plaintiff in the motion excepted and now assigns them as error.

DAVIS, for the plaintiff.

MOORE, for the defendant.

CHILTON, J.—1. However erroneous may be the judgment of revivor, which was rendered upon the *scire facias*, we

think it is not absolutely void, and therefore it cannot be collaterally impeached. Until set aside by a direct proceeding, an execution may properly issue upon it.

2. At the time the sheriff of Sumter county made a levy upon the original execution, namely, in Dec. 1841, he was entitled by law to receive half commissions for levying the execution, having been prevented by injunction from selling the property levied upon.—Clay's Dig. 235. This right to half commissions having attached, was not divested by the subsequent repeal of the law before the fees were collected. The late act was not intended to operate retrospectively, and should not receive a construction which would deprive the officers of court of fees previously earned.

3. The next question is, could the clerk properly tax these half commissions in the bill of costs. The act allowing such commissions was passed in 1812, (see Laws Ala. 351,) and the 10th section provides, that the clerks, sheriffs and other officers, and persons therein named, shall be entitled to demand and receive for the services therein mentioned, the fees prescribed by the act, and no more, "*to be paid, taxed and collected in the manner therein after directed.*" The fees of the respective officers are then prescribed, among which is the commission here claimed for the sheriff; and by the 11th section it is provided, "*that the fees herein allowed shall be taxed and allowed in the bill of costs in all suits where the services respectively shall have been rendered,*" &c. In the case before us, the services were rendered. The sworn return of the sheriff, in whose hands the execution was placed, showing a levy upon slaves, and which was arrested by injunction, was before the clerk, and was matter of record. (Hardy v. Gascoigne et al., 6 Port. 447 ; Creagh v. Savage, 14 Ala. 454.) This furnished him as certain *data*, upon which to predicate the taxation of the half commissions, as he had for the taxation of the other costs, and the act of 1807 (Clay's Dig. 238, § 10) made it his duty to issue execution for the unpaid fees, annexing a copy of the bill of costs to such writ. From the statutes above refered to, we think it very clear, that the clerk was not only authorised, but required, to tax the fees due the sheriff for his levy, in the bill of costs, and to issue execution for the same. If the sheriff, for some cause, not appearing upon his return, should not be entitled to receive such commissions, it is

competent for the court upon a proper application to order such item to be stricken from the bill of costs, and so of any other item which the clerk may improperly tax.   If the court refuse to correct such taxation, the party injured may take his bill of exceptions and revise the decision upon a writ of error.—Weissinger v. The State, 11 Ala. 540 ; Smith v. Donaldson, 3 Stew. & Port. 395; Braly v. Hodges, 3 Port. 336; Kelly v. Renfro, 10 Ala. 338.

We are aware that the view we have above taken conflicts with the case of The Oswichee Co. v. Hope & Co., 5 Ala. 620, but this point does not appear to have undergone much consideration in that cause, and the reasoning of the court would equally apply to all costs which accrued after the issue of the first execution, (e. g.,) the fees for issuing *alias* and *pluries* executions, or such process on forfeited forthcoming bonds, &c., which, so far as my knowledge of the practice is concerned, are uniformly, and I think properly taxed against the defendant, as cost to be levied upon the *fieri facias*.   Upon this point that case is in conflict with the statute, as we believe, and must therefore be considered as overruled.   In Spence v. Thompson, 11 Ala. 750, it is said, "the sheriff has no authority, without the mandate of the court, to collect fees due to a preceding sheriff, even if such fees are legally due, but not taxed."   It would seem from this *dictum* that a motion must be made to the court, to allow and tax such costs, and the case of The Oswichee Co. v. Hope & Co. requires notice of such motion to be first given. Thus costs would be super-added to costs upon motions to tax, as often as subsequent items should accrue.   The statute, we think, in unambiguous terms, requires the clerk to tax the cost "*for services which shall have been rendered,*" when the execution issues.   This duty is simple and in most cases easily performed, and if any injury should result from an improper taxation, the party aggrieved has a speedy remedy.   Of course nothing that we have said is intended to deny to sheriffs the right to collect fees accruing upon the complete execution of the process and after its issue.

4. We think there was no error in permitting the original execution, with the return endorsed, to be read in evidence.   It does not appear that the final record had been made up in the cause, until which time the original papers are admissible.

5. Neither was it incumbent on the defendant in error to prove the hand-writing of the sheriff, or his deputy, who endorsed the levy, but the law requiring such endorsement to be made considers it true, until impeached.—See cases above cited, in 6 Port. 447, and 14 Ala. 454, and the cases there refered to.

We have carefully considered the several points raised by the counsel for the plaintiff in error, snd are unable to see any error in the record.

Let the judgment be affirmed.