# Martin *v.* Hall.

*Motion for Summary Judgment against Constable and Sureties on his Official Bond.*

1. *Defects in legal process; when not available to officer for failure to execute.*—When an execution, or *venditioni exponas*, is issued by competent authority, and is regular on its face, a sheriff or constable, into whose hands it may come to be executed, "is justified in the execution of the same, whatever may be the defect in the proceeding on which it was issued" (Code, § 3041); consequently, he can not set up such defects in excuse for his failure to execute the process.

2. *Judgment in attachment case; how affected by irregularities in proceedings.*—Defects in the affidavit for an attachment, and irregularities in the proceedings, which would prove fatal on error or appeal, do not render the judgment void; and it cannot be collaterally impeached on account of such defects and irregularities.

[Martin v. Hall.]

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. H. C. SPEAKE.

This was a motion by William B. Martin, for a summary judgment against Thomas C. Hall and the sureties on his official bond as constable, " on account of the failure of said Hall to make the money on an execution in his hands as constable, in favor of said W. B. Martin, and against Jacob Houst, issued on the 2d May, 1874, by J. J. St. Clair, justice of the peace, for $24, besides $5 costs of suit; and which, by the use of due diligence, said Hall could have collected;" was commenced before a justice of the peace, and removed by *certiorari* into the Circuit Court. In the Circuit Court, the plaintiff filed a complaint, claiming $28, with interest from the 2d May, 1874, and five per cent. damages on the same, for the failure of said Hall, as constable, " to execute an order of sale issued on a judgment obtained before J. J. St. Clair, a justice of the peace," &c. The order of sale was in these words: "State of Alabama, Jackson County. To any constable of said county: Whereas W. B. Martin sued out an attachment against the estate of Jacob Houts, before me, J. J. St. Clair, a justice of the peace for said county, which was duly returned levied on one bag of cotton; and the said W. B. Martin did, on the 4th day of March, 1874, obtain a judgment against said Houts, for the sum of $25; and it appearing to the satisfaction of the court that said cotton was liable for the satisfaction of said debt: These are therefore to command you to sell said cotton, or so much thereof as will be of value sufficient to satisfy said complaint and costs. Given under my hand," &c. On the trial, as the bill of exceptions shows, the plaintiff offered in evidence the proceedings in his said attachment suit against Jacob Houts, showing the attachment, with affidavit and bond, judgment, and order of sale; " which said papers, and each of them, the defendants moved to exclude from the jury as evidence, because said judgment and proceedings are void, and imposed no legal duty on the constable to execute them; 1st, because the affidavit for the attachment did not state the amount of money due to the plaintiff; 2d, because said affidavit did not aver that the attachment was not sued out for the purpose of vexing or harassing the defendant; 3d, because there was no evidence showing that the defendant had any notice of the levy or the attachment proceedings." The court sustained this motion; and the plaintiff excepted, and took a nonsuit, which he now moves to set aside, assigning this ruling as error.

ROBINSON & BROWN, for appellant.

HUMES & GORDON, *contra*.

[Burkett v. Munford.]

SOMERVILLE, J.—The execution issued on the judgment against Houts in the justice's court, and the other papers connected with the attachment suit brought in that court by the appellant,. Martin, were improperly excluded as evidence. Where such process is regular on its face, as the execution here was, and is issued by the competent authority, a sheriff or constable is "justified in the execution of the same, *whatever may be the defect in the proceeding on which it was issued.*"—Code, 1876, § 3041. The attachment proceeding was full of defects, which would have proved fatal in a direct proceeding; but the judgment was not absolutely void, and cannot, therefore, be collaterally assailed.—*Barron v. Tart*, 18 Ala. 668. It was the duty of the constable to execute the process, in the absence of some step taken by the defendants to arrest it, by *certiorari*, appeal, or otherwise. This was a motion against the constable and his sureties, for failure to make the money on the execution, which, it was alleged, he could have done by the use of due diligence.

The court erred in its ruling; and the judgment is reversed, and the cause remanded.