# Burgin *et al. v.* Raplee.

*Action Against Constable and Sureties for Wrongful Levy on Personal Property.*

1. *Demurrer not acted on presumed to have been waived.*—Where the record fails to show that a demurrer interposed to a plea in the court below was acted on by the court, it will be considered, on appeal, as waived.

2. *Res adjudicata.*—In an action against a constable and the sureties on his bond for the wrongful levy upon and sale of property belonging to plaintiff, a plea which avers that upon a trial of the right of property in a suit of third parties against a partnership of which plaintiff's husband was a member, in which suit plaintiff was the claimant, that the property, for the levy upon which plaintiff is suing in this action, was in said claim suit "decided to be the property of plaintiff's husband and not the property of plaintiff" is no bar to such action.

3. *Officer selling property under process with knowledge that it belongs to a stranger to such process.*—An officer selling property under the mandate of a writ of *venditioni exponas* is not protected thereby if he knows that the property does not belong to the party against whom the judgment on which the process was issued, was rendered.

28

*[This should be inserted above as per opinion :]*  changed and there shall not be

4. *Presumption from failure of bill of exceptions to state that it contains all the evidence.*—Where the bill of exceptions does not state that it contains all the evidence adduced on the trial it will be presumed that there was evidence sufficient to support the judgment.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was an action of trespass brought by the appellee, Tressa Raplee, against J. C. Burgin and others; and sought to recover damages for the wrongful levy upon, and sale of certain property, alleged to have been the property of the plaintiff. There was judgment for the plaintiff and defendant appeals.

The facts of the case, except as to the pleadings, are sufficiently stated in the opinion. After the amendment of the plaintiff's complaint, the defendants pleaded thereto the general issue and four special pleas. It is unnecessary to set out the first plea. The second plea was as follows: "Defendants further saith that in the case of the trial of right of property in the City Court of Birmingham, Ala., of *J. Shahan & Son v. A. Benson & Co.*, a partnership composed of A. Benson and Wm. Raplee, husband of the plaintiff in this case, in which Tressa Raplee (who is plaintiff in this case) was claimant on the 20th November, 1889, the following described property, the same being a part of the same property for which the plaintiff is suing for damages for the wrongful sale of in this case, to-wit, [describing the property] was by the judgment of that court on that issue decided to be the property of William Raplee and not the property of plaintiff, and that "at that date the said H. H. Hurt & Co. and Orleans Land and Building Company held their respective claims as a subsisting debt on which they sued out their said attachment before the said George I. Root on the 10th of January, 1890, as stated in said first plea, and defendants aver that no sale or transfer of said property has been made since said trial of the rights of property that would be good and valid as against said claims of H. H. Hurt & Co. and Orleans Land and Building Company."

The other two pleas were as follows:

"2½. Defendant further saith that plaintiff was present at the sale of the property described in complaint by defendant Joseph C. Burgin and heard her husband, Wm. Raplee then lay claim to the same without opening her mouth or deny his title, and that she is estopped from claiming same in this suit."

"3. Defendant further saith that the alleged wrongful levy and sale complained of by the plaintiff in this action

VOL. C.

[Burgin et al. v. Raplee.]

was not so, and plaintiff can not maintain this action because the property which plaintiff itemizes in her complaint and claims damages for the wronful levy upon and sale of, was attached under the said writ hereinbefore described in the first plea as the property of plaintiff and Wm. Raplee, her husband, in the said case of H. H. Hurt & Co., and as the property of the said Wm. Raplee and A. Benson in the same case of the Orleans Land and Building Company against them as fully set out in the first plea aforesaid, and that while judgment was only rendered against Wm. Raplee on a plea of coverture herein in said case of H. H. Hurt & Co. but against both the defendants, Wm. Raplee and A. Benson in the other case of the Orleans Land and Building Company; yet the writs *venditioni exponas* issued on said judgment as hereinbefore described in the first plea ordered and directed said constable, J. C. Burgin, to sell the property (itemizing the same) which he had attached under said writs, and if any or all of the said property was the property of the plaintiff herein he was by the mandate of said writ compelled to sell the same in the absence of a claim suit by plaintiff."

To the plea $2\frac{1}{2}$ the plaintiff demurred on the ground that it did not set out facts showing that the plaintiff was estopped to claim the property described in the complaint.

To the 3d plea the plaintiff demurred on the ground that it does not aver facts showing that the plaintiff was estopped to prosecute this suit; and "because it failed to set out the writ under which the sale was made with sufficient certainty for the court to determine whether or not the sale made thereunder was a lawful writ authorizing the said constable to make the sale thereunder."

The court sustained the demurrers to pleas $2\frac{1}{2}$ and 3, and upon issue being joined on the remaining pleas judgment was rendered for the plaintiff.

JAMES TROTTER, for the appellants.

LANE & WHITE, for the appellee.

HARALSON, J.—This suit is against a constable, J. C. Burgin, and his sureties on his official bond, for having wrongfully levied upon and taken into his possession the personal property of the plaintiff, described in the complaint, "and permanently deprived her of the same." In neither count of the complaint, is there any averment or description of any process under which said constable levied upon and seized the property of the plaintiff. The defendant demurred

[Burgin et al. v. Raplee.]

to the complaint, on account of its prolixity, and because it failed to state that the constable "did not have a writ against plaintiff;" but it does not appear that the court passed on the demurrer. The plaintiff, in seeming confession of the demurrer, amended his complaint, by adding at the end of each count, an averment, "that the justice of the peace in trying the cause" (attachment against plaintiff and her husband), "never issued any execution, or *venditioni exponas*, against the property of plaintiff, and said constable was notified before the sale, that the property levied upon was the property of the plaintiff, and not the property of said William Raplee, (her husband and co-defendant in attachment) but the said constable sold the said property against the objection of the plaintiff."

The defendant filed four pleas to the complaint as amended, to each of which the plaintiff demurred. The first plea was intended as one of justification under legal process. A demurrer was interposed by the plaintiff to this plea, but it does not appear to have been passed on, and will be considered as waived.

The second plea was one of *res adjudicata*, but it was lacking in the elements to make the judgment in the case therein referred to, conclusive in this case, in which the parties are not the same, and the demurrer thereto was properly sustained.—*Galbreth v. Jones*, 66 Ala. 129; *McCall v. Jones*, 72 Ala. 368; *Lehman v. Clark*, 85 Ala. 113; 3 Brick. Dig. 580, § 75.

Demurrers to pleas 2½ and 3 were properly sustained. They each ignore the allegation of the complaint, that "said constable was notified before the sale, that the property levied upon was the property of the plaintiff, and not the property of Wm. Raplee, but the said constable sold the said property against the objection of the plaintiff."

The only pleas upon which issue could have been joined, then, were the general issue and special plea No. 1. The case was tried by the court, without the intervention of a jury, and a judgment was rendered in favor of plaintiff, for $400.

It appears from defendant's first and third pleas, and may therefore be taken as confessed by them, that the attachments were sued out before Geo. L. Root, a justice of the peace, one by Hurt & Co. vs. Wm. Raplee and Tressa Raplee, his wife, the plaintiff in this suit, and the other by The New Orleans Land & Building Co. vs. A. Benson & Wm. Raplee—under both of which said writs, the defendant, Burgin, as constable, levied upon the property described in the plain-

tiff's complaint; that under a plea of coverture by the plaintiff, she was discharged, and in the first named case, judgment was rendered against the defendant, Wm. Raplee, alone, and in the other case, judgment was rendered against said A. Benson and Wm. Raplee; that said justice issued a writ of *venditioni exponas*, on each of said judgments, ordering and directing said constable to sell the particular property which had been levied on by him under said writs of attachment, and that the same was sold under the mandate of said writs.

It is certainly a correct proposition, that an officer with a writ of execution or *venditioni exponas* against one person, has no right to sell the property of another, a stranger to the proceedings. But, in this case, if said constable, acting under the mandate of said writs of *venditioni exponas*, which, so far as appears, were regular, and issued by competent authority—proceeded and sold said property so levied upon under said writs of attachment, as the property of Wm. Raplee, or of A. Benson and Wm. Raplee, and he was not informed by the plaintiff, that the property was hers, and he was ignorant of that fact, then, under the complaint, he is not liable. But, if he knew that the property was the plaintiff's, and not that of defendants in attachment, against whom judgments were rendered, and he was so informed by the plaintiff before the sale, and sold it against her objection, as is averred in the complaint, he and his sureties are liable.—*Albright v. Mills*, 86 Ala. 327; *Clark v. Lamb*, 76 Ala. 406; *Martin v. Hall*, 70 Ala. 421; *Screws v. Watson*, 48 Ala. 628; Code, § 2776.

It sufficiently appears from the evidence, that the property sold, was the property of the plaintiff, but it nowhere appears in the evidence that the constable was notified before the sale, that the property was plaintiff's and not the property of said Wm. Raplee, and that he sold it contrary to her objections, as is averred.

On this state of proof, the plaintiff would not be entitled to a verdict; but, the bill of exceptions fails to state that it contains all the evidence introduced on the trial, and we must presume, as we have so often held, that there was evidence introduced sufficient to support the finding of the court.

Affirmed.