[Ward *et al.* v. Deadman.]

# Ward *et al. v.* Deadman.

### *Action of Damages Against Constable.*

1.  *Constable; his duty to levy execution.*—Where an execution is issued to a constable, and is regular on its face and issued by competent authority, the constable is bound to obey it according to its mandate, and this without reference to whether the judgment supporting it is regular or irregular.

2.  *Same; need not levy execution on void judgment.*—If an execution is issued to a constable on a void judgment, he may refuse to obey it and defend his refusal on the ground that the judgment is void, but in such case, he is protected by the execution in obeying its mandate.

3.  *Same; must obey indorsement of no property exempt.*—Where an execution is issued by competent authority an indorsement thereon, "no personal property exempt from levy and sale," is just as much a mandate to the officer to whom it is directed as any other command contained in it, and his duty to obey the indorsement as binding as to obey other commands in the execution.

4.  *Same; not bound to look beyond indorsement.*—In obeying an execution a constable is not bound to look beyond the indorsement upon it other than to know that it was issued by a court of competent jurisdiction.

5.  *Improper indorsement; quashed on motion.*—If an indorsement of no personal property exempt is made on an execution without authority, the defendant in execution can have the indorsement stricken or quashed on proper motion.

6.  *Demurrer; when should be sustained.*—If an action is brought against a constable for levying an execution on exempt property, and the complaint shows on its face that the execution was indorsed by the court issuing it that no personal property is exempt, a demurrer to the complaint should be sustained.

APPEAL from Madison Circuit Court.

Tried before Hon. H. C. SPEAKE.

This action was by Deadman against Ward and others for alleged trespass. The facts are sufficiently set out in the opinion.

[Ward *et al.* v. Deadman.]

GRAYSON & FOSTER and JERE MURPHY, JR., for appellants.—Demurrer to complaint should have been sustained as it showed on its face that the indorsement of no property exempt was on the execution levied by the sheriff.—*Kennedy v. Smith; Bryan v. Kelly,* 85 Ala. 569.

TANCRED BETTS, *contra.*—Office not protected in levying on exempt property by the endorsement on the execution and the statement in judgment entry of no property exempt, when they were improperly made.—*Mc-Daniel v. Johnston,* 110 Ala. 531.

TYSON, J.—This is an action for damages brought by a defendant in an execution against the constable and the sureties upon his official bond for an alleged trespass committed by the constable in levying the execution upon certain personal property of the plaintiff and selling it to satisfy said execution.

The alleged trespass is predicated upon the taking of the property which it is alleged was exempt from levy and sale, after the plaintiff had filed in the office of the judge of probate his claim of exemptions.

The complaint sets out the execution *in haec verba* under which the constable acted and this endorsement thereon, "No personal property exempt from levy and sale." The inference to be drawn from the allegation of the complaint is, that the execution was issued by competent authority, since it appears from the averments that it was issued by a justice of the peace, naming him, and no question is raised as to his want of authority in doing so. Furthermore, the execution is regular on its face. Being regular on its face and issued by competent authority, the constable was bound to obey its mandates and this he was compelled to do without reference to whether the judgment supporting it was regular or irregular. If the judgment was void, the constable could have availed himself of this, as a defense for not obeying its mandate; but in such case, the execution will operate to protect him in its execution.—*Bender v. Graham,* Minor, 269; *Wilson v. Sawyer,* 37 Ala. 631; *Martin v. Hall,* 70 Ala. 421; *Clark v. Lamb,* 76 Ala. 406.

In the execution of this process, the constable was

19

justified whatever may have been the defect in the proceeding on which it was issued.—Code, § 1807; *Meyer v. Hearst,* 75 Ala. 390.

The question is, was the endorsement made by the justice upon the execution, "No personal property exempt from levy and sale," a mandate to the constable which he was bound to obey, or if he did obey was he protected by it?

Section 2107 provides that "In any suit at law or in equity, in which a waiver of the right of homestead or other exemption is sought to be enforced, the fact of waiver and its extent must be averred in the complaint, petition or bill and by appropriate pleading may be controverted; and if such averment is sustained, the fact of waiver and its extent must be declared in the judgment or decree, and indorsed on the execution or other process thereon; and such waiver shall extend to the cost of the suit."

It is evident that it was the legislative intention in requiring the endorsement of the fact of waiver and its extent upon the execution to give to the plaintiff in execution the benefit of his judgment in this respect by having the officer whose duty it is to levy the execution to do so in accordance with the provisions of the endorsement. It afforded information to the officer that as against the judgment and cost the defendant in execution was not entitled to claim as exempt the property mentioned in the endorsement, and was a command to him to disregard any claim made by the defendant in contravention of the terms of the endorsement. Such an endorsement is just as much a mandate to the constable or other officer who is chargeable with the execution of the process as any other command contained in it, and his duty to obey it as binding. His obedience to this command is justified under the same provision of the statute which justifies his obedience to other mandates of the process which he is legally bound to execute. It is of no consequence in this case whether or not the pleading contained an averment of a waiver of exemptions of personal property by the defendant in execution or the judgment entry disclosed the fact of such waiver. The constable was not bound to look beyond the endorse-

ment upon the execution other than to know that the execution was issued by a court of competent jurisdiction.—*Clark v. Lamb, supra; Spear v. The State,* 26 So.. Rep. 46; *Brown v. The State,* 109 Ala. 89; 22 Am. & Eng.. Ency. Law, 529, 530 and notes.

If the endorsement was made upon the execution without authority as between the parties or as against a purchaser of the property at a sale under it, it may be that the defendant in execution would be allowed to show its. invalidity. It is very certain that he could have had the endorsement stricken or quashed, upon proper motion. But so long as it was permitted to remain upon the execution it was a command which the constable was bound to obey, unless the judgment was void, and he cannot be held to be guilty of trespass in the doing of an act which he was compelled to do. If the judgment was void, and he obeyed the mandate, he is protected. The case of *McDaniel v. Johnston,* 110 Ala. 531, relied upon by appellee is not in conflict with the views here expressed, and the principles there declared have no application to the question here involved.

The demurrer to the complaint should have been sustained.

The judgment must be reversed and the cause remanded.