May Term,
1844.

THE STATE
v.
VANANDA.

Thursday,
July 18.

THE STATE, on the Relation of M'GILLYCUDDY, *v.* VANANDA and Others.

A sheriff, having collected money on an execution, died without having paid over the money, and the judgment was afterwards reversed. *Held*, that a suit on the sheriff's bond, on the relation of the execution-defendant, against the sureties of the sheriff for the money so collected, would not lie.

ERROR to the *Allen* Circuit Court.

SULLIVAN, J.—Debt on a sheriff's bond against the defendants as the sureties of one *Swinney*, deceased. The gravamen of the action is, substantially, that *Swinney*, on, &c., being the sheriff of *Allen* county, collected from the relator, *M'Gillycuddy*, the sum of 38 dollars and 57 cents, by virtue of an execution issued from the *Allen* Circuit Court in favour of one *Margaret Forsythe;* that after the money was so collected, the judgment on which the execution issued was reversed by the Supreme Court ; that, previously to the reversal, *Swinney* died without having paid over the amount collected to the execution-plaintiff, or without having paid it into Court ; and that the same is unlawfully withheld from the relator. General demurrer to the declaration, and judgment for the defendants.

This case does not involve the question whether the relator, on a proper case made, cannot recover from the representatives of *Swinney* the money collected and not paid over by him on the judgment named in the declaration. The only question is, whether the facts show that the deceased sheriff was guilty of a violation of his official bond. We are of opinion they do not. He collected the money in the regular discharge of the duties of his office, on an execution in favour of a third person to whom the money rightfully belonged until the reversal of the judgment. Until that event happened, the relator had no claim on *Swinney*, nor after it happened would his claim be admitted in a Court of justice without notice and demand. If the relator has a right to a restoration of the money, it is because events have transpired since the death of *Swinney* that give him the right, and not because *Swinney*, at any time while he was in office, was guilty of any dereliction of duty of which he can complain. This suit therefore cannot be maintained, · and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed at the costs of the relator.

*D. H. Colerick,* for the plaintiff.
*R. Brackenridge,* for the defendants.