## WILSON vs. SAWYER.

37 631<br>124 289

[ACTION AGAINST SHERIFF, FOR MONEY HAD AND RECEIVED.]

1. *Sheriff's right to commissions for execution of process regular on its face, but issued on void judgment.*—A sheriff is not entitled, as against the defendant in execution, to retain his commissions out of the proceeds of the sale of property under an execution regular on its face, but is sold on a judgment which is void on account of the incompetency of the presiding judge; although the statute (Code, § 2284) protects him in the execution of such process.   - ·

APPEAL from the Circuit Court of ·Shelby.
Tried before the Hon. JAMES B. MARTIN.

THIS action was brought by John B. ·Wilson, against Henry J.·Sawyer, to recover the sum of about $250, money retained by the defendant as his commissions, as sheriff, on the sale of property under an execution against the plaintiff; and was commenced on the 13th August, 1860.   The execution was issued, on.the 13th March, 1858, on á decree rendered by the probate court, on the 9th March, 1858, in favor of Martha J. Wilson, against the plaintiff; went into the hands of the defendant, as sheriff of the county, and was by him levied on the plaintiff's property.; and the property was sold, under said execution, in July, 1858, and brought about $8,500.   The decree of the probate court, on which said execution issued, was reversed by this court, at its June term, 1860, (before the commencement of the present suit,) and the cause remanded ; the reversal being placed on the ground, that the decree was void on account of the incompetency, from interest, of the probate judge before whom the proceedings were had.—See the case reported in 36 Ala. 655.   All the facts of that case, as shown by the printed report, were in evidence, and were admitted to be there correctly stated.; and it was agreed, that the · report might be considered a part of the bill of exceptions.

It was further admitted, "that said execution was regular on its face in all respects." This being all the evidence, the court instructed the jury, if they believed the evidence, to find for the defendant; to which charge the plaintiff excepted, and he now assigns the same as error.

ALEX. & JNO. WHITE, for appellant.

S. & J, T. LEIPER, *contra*.

R. W. WALKER, J.—The question presented by this record is, whether a sheriff, who has sold property under a *fi. fa.* regular on its face, but issued upon a judgment which was void, because the judge was incompetent to try the case, (Code, § 560; *Wilson v. Wilson*, 36 Ala. 655,) is entitled, as against the defendant in the execution, to retain his commissions out of the proceeds of the sale.

The Code provides, that "whenever it appears that the process is regular on its face, and is issued by the competent authority, a sheriff, or other ministerial officer, is justified in the execution of the same, whatever may be the defect in the proceeding on which it was issued."—Code, § 2284. This section was designed to give legislative sanction to the just and salutary rule, adopted by some courts independently of legislation, that ministerial officers are not responsible for executing any process regular on its face, if the court from which it issues has general jurisdiction to award such process, although it had not jurisdiction in that particular case.—See *Rogers v. Mulliner*, 6 Wend. 597; *Lewis v. Palmer*, *ib.* 367; *Savacool v. Broughton*, 5 Wend. 170; *Coon v. Congden*, 12 Wend. 496.; *People v. Cooper*, 13 Wend. 379, 384; *Noble v. Holmes*, 5 Hill, 194; *People v. Warren*, 5 Hill, 440; *Watson v. Watson*, 9 Conn. 140; *Jones v. Hughes*, 5 Serg. & R. 299; *Forward v. Marsh*, 18 Ala. 645, 648; *Clarke v. May*, 2 Gray, 410; 3 Phil. Ev. (C. & H. notes, ed. 1843,) pp. 990, 107-8-9, 1078.

But the rule which justifies an officer, who acts under process apparently regular, though really void, is one of protection merely. "It is a shield, but not a sword. The

officer, when sued, may defend under such process; but he cannot build up a title upon it, which will enable him to maintain actions against third persons."—*Horton v. Hendershott*, 1 Hill, 118; *Sturbridge v. Winslow*, 21 Pick. 83, 87.

The execution in this case, though regular upon its face, was in fact void, and, in the very nature of things, no right can arise out of it. The statute exempts the sheriff from responsibility; but it was not designed to reward or compensate him for executing such process. It would be most unjust, indeed, to take the property of a citizen to pay for the execution of process against him which was issued without authority of law. The principle is a sound one, that " no *right* can be derived from an unlawful act, in favor of a sheriff who does the unlawful act;" (*Collier v. Windham*, 27 Ala. 294;) and hence we conclude, that where the judgment is void, the sheriff is not entitled to commissions for executing the *fi. fa.* issued upon it.—See *Nowlin v. McCalley*, 31 Ala. 682.

Judgment reversed, and cause remanded.