# Clark *v.* Lamb.

*Action against Sureties on Sheriff's Official Bond.*

1. *Liability of sheriff, executing void process.*—When an execution which is regular on its face, and issued by a court of competent jurisdiction, comes into the hands of the sheriff, he is justified in executing it according to its mandate (Code, § 3041), unless he has been notified that the judgment has been superseded; but he is only entitled to protection, and can not found any title or claim on the statutory rule; and if the judgment is afterwards reversed, he can not retain his commissions as against the defendant in execution.

2. *Liability of sheriff's sureties on official bond.*—When a sheriff collects money under an execution, which is regular on its face, and issued by a court of competent jurisdiction, and the judgment is reversed after his death, the sureties on his official bond (Code, § 179) are not liable to the defendant in execution for the commissions collected and retained by the sheriff.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. S. H. SPROTT.

This action was brought by Thomas C. Clark, against Edward H. Lamb and others, as sureties on the official bond of John Alley, deceased, as sheriff of said county, to recover the sum of $260.77, alleged to have been collected by said Alley, as

sheriff, under several void executions against plaintiff, and which, as alleged, he failed to pay over to plaintiff on demand. The money was in fact the sheriff's commissions on the sum of $6,500, collected by the sheriff under several executions issued on probate decrees against said plaintiff; and was paid to the sheriff after he had levied on the property of said plaintiff. The money was collected and paid on the 26th December, 1882; and it was admitted that the several executions were regular on their face. The said defendant in execution (the plaintiff in this action) sued out an appeal from said probate decree to this court on the 15th January, 1883, but did not give a *supersedeas* bond; and a judgment was rendered by this court on the 18th December, 1883, reversing and annulling said probate decree, but without remanding the cause. It was admitted that said Alley, the sheriff, died on or about December 16th, 1883, before said judgment of reversal was rendered; that the money collected and retained by him, as his commissions, had never been refunded to plaintiff, and that his estate was solvent. The court sustained a demurrer to one of the breaches assigned in the complaint, which, in substance, stated these facts; and on all the evidence adduced, there being no dispute as to the facts, charged the jury to find for the defendants, if they believed the evidence. The plaintiff excepted to this charge, and he now assigns it as error, together with the ruling on the demurrer to his complaint.

G. B. Mobley, for appellant, cited Code, §§ 163, 179, 730; Murfree on Sheriffs, §§ 46, 57, 942–3; Brandt on Guar. & Suretyship, §§ 448, 483; *Wilson v. Sawyer*, 37 Ala. 631; 31 Ala. 682; 27 Ala. 294; 10 Johns. 43; 1 Hill, 118; 21 Pick. 83; 43 Ind. 359.

J. P. McQueen, and W. P. Webb, *contra*, cited Code, § 3041; *Murphy v. The State*, 55 Ala. 257; *Martin v. Hall*, 70 Ala. 421; *Wilson v. Sawyer*, 37 Ala. 631; Freeman on Executions, §§ 101–03.

CLOPTON, J.—The liability of the sureties for a sheriff arise from his official bond. Like other sureties, a claim against them is *strictissimi juris*, in the sense that they may stand on the terms of the bond, and will not be bound beyond the fair and reasonable import of the words. A statute, which declares the legal obligation and effect of an official bond, is a part of its terms, as fully as if its words were expressly written in its condition. The official bond of the sheriff is obligatory on the sureties, " for the use and benefit of every person who is injured, as well by any wrongful act committed under color of his

[Clark v. Lamb.]

office, as by his failure to perform, or the improper or neglect-ful performance of those duties imposed by law."—Code, § 179. For any *malfeasance* or *misfeasance* of the sheriff, not included within the rational and legal meaning of the words of the statute, the sureties are not liable. The statute extends the liability of the sureties to those acts of the sheriff by which an injury is done under assumed and pretended official authority, having process in his hands.—*McElhaney v. Gilleland*, 30 Ala. 380.

A sheriff is bound to execute a process, coming into his hands, according to its exigency, which is regular on its face, and issued by a court of competent jurisdiction. He is under no legal duty to examine the regularity of the judgment, on which it is issued ; and if irregular, such irregularity is no ex-cuse for his failure to execute the process. If the judgment is in fact *void*, the sheriff may avail himself of this, as a de-fense for not obeying its mandate; but, in such case, the writ, being regular and valid on its face, will operate to protect him in its execution. This salutary principle has been affirmatively declared by section 3041 of the Code, as follows : " When-ever it appears that the process is regular on its face, and is issued by the competent authority, a sheriff, or other ministerial officer, is justified in the execution of the same, whatever may be the defect in the proceeding on which it was issued." This rule is merely protective, and the sheriff can not found on it a title or claim.

The statute provides a mode by which judgments or decrees for money may be superseded on appeal being taken. Section 3927 of the Code provides : " Where the judgment or decree is for the payment of money, the appeal does not supersede the judgment or decree, unless bond be given by the appellant, or some other person, in double the amount of the judgment, payable to the appellee, with sufficient sureties, and with con-dition to prosecute the appeal to effect, and to satisfy such judgment as the Supreme Court may render in the premises." If the judgment has been superseded, the sheriff is entitled to such notice thereof, as will protect him in refusing to proceed with the execution of the writ. In *Payne v. The Governor*, 18 Ala. 320, it is said : " The sheriff may, therefore, require a *supersedeas* to him directed, before he can be made a trespasser in executing the writ ; and if this be not served on him, and he proceeds to sell the property of the defendant, we see no reason or justice in holding the sheriff liable."

It being the duty of the sheriff to execute the writ according to its mandate, if he levies upon and sells property of the de-fendant, under an execution issued on a judgment not super-seded, or collects the money otherwise, he thereupon becomes

[Clark v. Lamb.]

liable to account to the plaintiff therefor, and no irregularity, not even the nullity of the judgment, will be an excuse for his refusal to account. If he pays the money to the plaintiff before an appeal is taken, he is under no legal liability to refund to the defendant, though the judgment is subsequently reversed; and a purchaser of property so sold, if he be not the plaintiff, acquires a title which will be upheld.—*Sherrod v. Davis*, 17 Ala. 312; *Wyman v. Campbell*, 6 Por. 219. If the defendant fail to supersede the judgment, it is the legal right of the plaintiff to enforce its collection, in the manner provided by law. In executing process issued thereon, the sheriff discharges a legal duty; and the defendant has no cause of complaint against the officer, in consequence of his failure, whether from willfulness or inability, to avail himself of the statutory provisions by which it may be superseded.

In *Wilson v. Sawyer*, 37 Ala. 631, the action was against the sheriff individually. The extent of the decision is, that "a sheriff is not entitled, as against the defendant in execution, to retain his commissions out of the proceeds of the sale of property under an execution regular on its face, but issued on a judgment which is *void* on account of the incompetency of the presiding judge." It was, however, conceded, that the statute protected the sheriff in the execution of such process. The individual liability of the sheriff may be conceded, founded on the consideration, that he has money which, *ex æquo et bono*, belongs to the defendant in execution. If there be any wrong, it consists in retaining the commissions after the reversal of the judgment.

The judgment was not reversed, until after the death of the sheriff, which terminated his office. When the sheriff collected the commissions, he was in the discharge of his official duties, imposed by law; was executing a writ, regular and valid on its face, and issued by a court of competent jurisdiction to render such judgment and award such writ. He was authorized to take and collect the commissions at that time, and had a right to retain them, at least, until a reversal of the judgment. If the plaintiff has a right to them, it is because of an event subsequently occurring—the reversal of the judgment,—which did not occur in the life-time of the sheriff. On the facts shown by the record, the sheriff committed no wrongful act under color of his office, nor failed to perform, nor improperly nor negligently performed, any duty imposed by law, for which his sureties are liable.—*State v. Vananda*, 7 Black. 214.

Affirmed.