Mudrock vs. Killips and another.

CASSODAY, J., took no part.

See note to this case in 27 N. W. Rep. 606.— REP.

MUDROCK, Respondent, vs. KILLIPS and another, Appellants.

*March 16 — April 6, 1886.*

*(1, 2) Assault and battery: Justification: Warrant of arrest in civil action: Insufficient affidavit. (3, 4) Justices' courts: Who may be empowered to execute process: Form.*

1. A warrant for the arrest of the defendant in a civil action in justice's court, if issued upon an insufficient affidavit, constitutes no ground of defense in favor of .the party procuring it, in an action against him for an assault and battery committed in an attempt to execute the warrant.
2. But if such warrant was regular upon its face it is a protection to a person, not a party to the action in which it was issued, who took no part in procuring it and had no knowledge of the facts in relation to the issuance thereof except what appeared from the warrant itself, and who, having been duly empowered by the justice to execute the warrant, was not guilty of any abuse of process.
3. Under sec. 3608, R. S., authorizing a justice under certain circumstances to empower "any suitable person, not being a party to the action," to execute any process, the son of one of the parties may be so empowered.
4. In such a case the process should not be directed to the person empowered to execute it, but authority should be given to him by an indorsement thereon.

APPEAL from the Circuit Court for *Waukesha* County. The case is sufficiently stated in the opinion.

For the appellants there was a brief by *W. J. Turner* and *C. E. Armin*, and oral argument by *Mr. Turner*.

For the respondent the cause was submitted on the brief of *Sumner & Tullar.* To the point that the warrant having been directed, in the body thereof, "to the sheriff or any constable of said county," and not to *Joshua Killips* in person, it could afford him no protection under a plea of justification, they cited *Abbott v. Booth*, 51 Barb., 546; Barb. Cr. Law, 459; 1 Chit. Cr. Law, 38; *Comm. v. Foster*, 1 Mass. 488.

TAYLOR, J. This is an action for assault and battery alleged to have been committed upon the respondent and his wife by the appellants. Upon the trial in the circuit court the plaintiff had a verdict for $1,000 damages in his favor, and from the judgment entered thereon the defendants appeal to this court.

To the complaint of the plaintiff the defendants answered separately (1) by a general denial; and (2) by justifying the assault and battery in an attempt to arrest the respondent upon a warrant issued against him by a justice of the peace. The evidence shows that *William Killips* procured from E. J. Loomis, a justice of the peace of the town of New Berlin, in the county of Waukesha, a warrant in a civil action for the arrest of the respondent, *Martin Mudrock*. The warrant on its face was regular in form, and had upon it the following indorsement:

"At the request and risk of the plaintiff, I authorize *Joshua Killips* to execute and return this writ.

"E. J. LOOMIS, Justice of the Peace."

The evidence shows that *Joshua Killips* is the son of *William Killips*, the plaintiff named in said warrant, and that *William Killips* delivered the warrant to his son, *Joshua*, to serve upon the respondent, *Mudrock;* that he accompanied *Joshua* to the house of *Mudrock* to make the arrest; and that the assault and battery complained of was

committed in attempting to execute such warrant. The evidence further shows that the justice of the peace, Loomis, issued the warrant upon the following affidavit, and upon no other proof:

"*State of Wisconsin, County of Waukesha, Town of New Berlin* — *ss.:* I, *William Killips*, of the above-named town and county, first being duly sworn, depose and say that, at the town of New Berlin, *Martin Mudrock* (*alias*) obtained a settlement for house rent by giving me a fraudulent order, which I received in good faith; otherwise should not have settled for said rent.                            WM. KILLIPS.

"*Dated New Berlin, April 20, 1885.*"

The appellant *Joshua Killips* was not present when the warrant was issued, and knew nothing of what transpired before the justice; nor does it appear that he was informed by his father, or any one else, before he undertook to execute the warrant, of the facts which transpired before the justice when it was issued.

There was, perhaps, evidence in the case which would have justified the court in submitting to the jury the question whether the defendant *Joshua Killips* did not abuse his authority under the warrant in making the arrest. The learned circuit judge did not, however, submit that question to the jury, but instructed them that "under the law of the case, as entertained by the court, the evidence in regard to the complaint and warrant before the justice, Loomis, and any justification that that might furnish to these defendants for this assault and battery, are excluded from the case, upon the ground that no offense was charged, and that the defendants are not justified in anything they have done by virtue of the warrant." This charge was excepted to by the defendants, and they allege it as error in this court.

It is not denied by the learned counsel for the appellants that the warrant was issued by the justice without author-

ity of law, no such affidavit having been made as required by sec. 3602, R. S., in order to justify the justice in issuing a warrant for the arrest of a defendant in a civil action; nor is it asserted that the warrant issued in such case would protect the plaintiff causing the same to be issued. The same rule should be applied to the issuing of a warrant for the arrest of the defendant in a civil action, so far as the plaintiff is concerned, as in proceedings by attachment; and if the affidavit required by the statute to be first made before the warrant is issued is radically defective, the justice has no authority to issue the same, and it is void as to the party at whose request the same is issued. It has been uniformly held by this court that if the affidavit upon which a writ of attachment is issued be insufficient, the writ is no protection to the plaintiff in an action against him for trespass in seizing the property of the defendant by virtue of the writ. *Miller v. Munson,* 34 Wis. 579. In New York, when the law in regard to issuing a warrant for the arrest of a defendant in an action in justice's court was in all respects similar to our statute, it was held that the party procuring the warrant upon an insufficient affidavit was liable to the party arrested in an action of trespass. *Loder v. Phelps,* 13 Wend. 46; *Bowman v. Russ,* 6 Cow. 234. There was no error, therefore, in the charge, so far as it affected the rights of the appellant *William Killips;* but it seems very clear to us that *Joshua Killips,* who was not a party to the action, and who took no part in procuring the warrant, and had no knowledge of the facts in relation to its issue except what appeared on the warrant itself, stands in a different position. Having been appointed by the justice to serve the warrant, and such appointment being in the form prescribed by law, it seems to us that he had all the rights of a constable or sheriff in the execution of such warrant, and if he did no more than was necessary in executing the same he could not be held liable as a tres-

passer, or for assault and battery. The learned circuit judge did not state his reasons for holding the writ void as to *Joshua Killips*.

It is claimed by the learned counsel for the respondent in this court that the warrant was no protection to *Joshua* because he was a son of the plaintiff in the action; because the writ was not directed to him in the body of the warrant; and because the warrant was in fact issued on Sunday. To the first objection he cites sec. 737, R. S., which provides for the service of process by the coroner when the sheriff is a party, or whenever any party shall file with the clerk of the court in which the action is commenced an affidavit that he verily believes that the sheriff will not, by reason of partiality, *consanguinity*, or interest, faithfully perform his duty in such action. It is very clear that in the absence of any such affidavit as is prescribed by said section the sheriff would not only be competent, but it would be his duty, to serve any process which was placed in his hands, no matter what the relationship was between himself and the parties to the action.

The statute which authorizes a justice of the peace to empower some person other than a constable or sheriff to serve his process, provides that he "may empower any suitable person, not being a party to the action, to execute the same," etc. Under this statute the justice is not prohibited from authorizing a relation of a party to the action to serve the warrant. In most cases there would be no impropriety in doing so, and we see no reason for holding that the justice exceeded his power in this case. The words "suitable person" in the statute do not exclude a relative of the plaintiff in the action; the statute only excludes a party to the action. The cases of *Singletary v. Carter*, 1 Bailey, 467, and *Scanlan v. Turner*, 1 Bailey, 421, only hold that a party cannot serve a process in his own case, or otherwise act, either as an executive or judicial officer, in his own case,

or in a case in which he is directly pecuniarily interested. In this case the son had no pecuniary interest in the action between his father and the defendant in which he undertook to serve the warrant.

The statute does not require the warrant or summons to be directed to the person appointed to serve the same, when he is not a constable or other officer authorized by law to make the service. On the other hand, it requires the author-ity to serve the same to be indorsed on the warrant, which is required to be directed in the usual way. See sec. 3608, R. S. The amendment to this section by ch. 261, Laws of 1883, does not change the rights of *Joshua Killips* in this action. The person appointed to serve the warrant has all the powers of a constable in relation to the execution of the process, and is subject to the same obligations, and no other. That this warrant would have been a full protection to a constable who was by law authorized to serve the same, had it been delivered to such constable and lawfully served by him, there can be no reasonable doubt. This court has so held in the following cases: *Sprague v. Birchard,* 1 Wis. 457; *McLean v. Cook,* 23 Wis. 364; *Stahl v. O'Malley,* 39 Wis. 328; *Grace v. Mitchell,* 31 Wis. 533, 539; *Young v. Wise,* 7 Wis. 129; *Bogert v. Phelps,* 14 Wis. 88; *Watkins v. Page,* 2 Wis. 92; *Weinberg v. Conover,* 4 Wis. 803; *Griffith v. Smith,* 22 Wis. 646.

The warrant was therefore a justification to *Joshua Killips* in making a lawful arrest of the respondent by virtue of it; and instead of charging the jury that it was not to be considered by them as of any consequence in the action, the court should have instructed the jury that it was a justification to *Joshua Killips,* unless they found from the evidence that he had abused his process and exceeded his authority in executing, or attempting to execute, the same. Upon the question as to the abuse of the process we do not think the evidence was so conclusive against the defendant

*Joshua Killips* as to justify the court in deciding, as a matter of law, that he had abused his process and exceeded his authority, and that his writ did not, therefore, protect him.

We do not think the evidence shows that the writ was in fact issued on Sunday; and as it was dated on Monday, and delivered to the officer to serve on that day, he must be protected by it.

It is urged by the learned counsel for the appellants that the court should have granted a new trial for the reason that the damages are excessive. Upon the subject of excessive damages the learned circuit judge was in a better position than we possibly can be to determine that question, and he having refused a new trial upon a full consideration of the question, we do not feel justified in reversing the judgment on that ground.

For the error in the instruction of the learned circuit judge affecting the rights of the appellant *Joshua Killips*, the judgment of the circuit court is reversed as to him, with costs, and as to *William Killips* the judgment is affirmed, with costs; and the cause is remanded for a new trial as to the said *Joshua Killips*.

*By the Court.*— Ordered accordingly.

See note to this case in 28 N. W. Rep. 69.— REP.