JOHN JOHNSON v. A. E. RANDALL.

October 26, 1898.

Nos. 11,282—(66).

Sheriff—Wrongful Levy—Process "Fair upon its Face."

A sheriff generally acts in a ministerial capacity, and he is bound to execute process issued from a court having jurisdiction, when the power to do so is conferred upon him by law, and the process is in regular form, fair upon its face and properly delivered to him. But this rule as to "process fair upon its face" is one of protection, is personal to the sheriff, and affords him no shelter where he is the moving party in causing it to be wrongfully issued solely for his own benefit, and where he knows that the judgment upon which it is issued has been fully paid and satisfied.

Action in the municipal court of Ortonville to recover $65, the value of a wagon owned by plaintiff alleged to have been wrongfully converted by defendant. Judgment was rendered in favor of defendant, and plaintiff appealed to the district court for Big Stone county on questions of law alone. The court, C. L. Brown,

J., ordered that the judgment of the municipal court be reversed, and that plaintiff recover the sum prayed for in his complaint. From the judgment entered pursuant to such order, defendant appealed. Affirmed.

*E. F. Crawford*, for appellant.

A sheriff is not liable for executing process regular on its face, though it be issued illegally or without jurisdiction. 19 Am. & Eng. Enc. 490; Wilmarth v. Burt, 7 Metc. (Mass.) 257; Wilkinson v. Rewey, 59 Wis. 554. The preponderance of authority is in favor of the proposition that an officer is exempt from liability for executing process fair on its face, though he has knowledge aliunde of a defect in the process. 19 Am. & Eng. Enc. 492; People v. Warren, 5 Hill, 440; Underwood v. Robinson, 106 Mass. 296; Parmelee v. Hitchcock, 12 Wend. 96; Webber v. Gay, 24 Wend. 485.

*Aaron B. Kaercher*, for respondent.

The writ relied upon by appellant discloses on its face the fact that the amount claimed in it as due was not founded on the records or judgment of the court, but as "costs in said action," which costs appellant knew were costs claimed by himself under a levy made under another execution in another action. If notice were necessary, the recital in the writ of the amount to be collected is in such form as to be notice to the sheriff of the irregularity. But, aside from this, he had actual knowledge of the fact that both these judgments had been paid previous to the issuance of the executions. Under such circumstances, he cannot invoke the rule of protection to an officer of a writ "regular" on its face. Marks v. Wright, 81 Wis. 572; Murdock v. Killips, 65 Wis. 622; Grace v. Mitchell, 31 Wis. 533; Rafferty v. People, 69 Ill. 111.

BUCK, J.

This action was brought to recover the value of a lumber wagon which plaintiff alleges the defendant wrongfully took and converted. The defendant admitted the taking, but in justification of doing so he alleges: That he then was the duly-elected and acting sheriff of Big Stone county in this state. That on April 13, 1897, an execution was issued out of the district court in and for said

county, under the seal of said court, and dated upon that day, on a judgment in favor of John Maher and J. W. Grant, and against John Johnson and his sureties, C. A. Dahlhjelm and N. E. Johnson, for the sum of $11.60, additional costs incurred in said action, commanding defendant to satisfy the said judgment out of the personal property of the judgment debtor within said Big Stone county, and, if sufficient personal property could not be found, then out of the real estate, etc.; which execution was duly indorsed by the attorney for said judgment creditors named therein, as required by law, which execution was delivered to this defendant for service on said April 13, 1897. That afterwards, to wit, on April 15, 1897, at the town of Brown's Valley, in said county and state, the defendant, as such sheriff, and under and by virtue of said execution, duly levied upon the wagon described in said complaint, as the property of the said John Johnson, and not otherwise, and now detains the same by virtue of said levy.

The cause was tried in the district court of Big Stone county, to which court it had been appealed from the municipal court of the city of Ortonville, upon questions of law alone; but the record returned to the district court from the court wherein it was previously tried contained the pleadings and all the evidence received therein on the trial. The case was tried by the court upon such return, and a judgment rendered reversing that of the municipal court, and giving the plaintiff judgment for the amount demanded in his complaint; and from the latter judgment this appeal is taken.

The case was tried by the defendant upon the theory that the execution by virtue of which he took the wagon, being regular upon its face, was a sufficient justification for such act, and protected him from any liability for so doing. The sheriff generally acts in a ministerial capacity, and he is bound to execute process issued from a court having jurisdiction, when the power to execute such process is conferred upon him by law, when it is in due and regular form, is fair upon its face and properly delivered to him. Hazards and dangers frequently embarrass a sheriff in the execution of process, and he is often in peril, even when acting in the utmost good faith. Hence the general rule is quite well settled that he is protected in the execution of process fair on its face. He is not con-

cerned as to whether there exists a cause of action upon which the judgment was rendered, or that there were irregularities by which it was obtained.

But this rule of "process fair on its face" is one of protection merely, and personal to the officer himself, and affords him no shelter where he is the moving party in causing it to be wrongfully issued solely for his own benefit, and where he knows the judgment upon which it is issued to have been paid and satisfied. The parties interested in the judgment upon which the execution was issued were the plaintiff and defendant, and the judgment, including costs, was satisfied in fact and in law, and so appeared of record, and to the actual knowledge of the defendant sheriff. The judgment upon which defendant relies for his justification under the execution was rendered and docketed February 1, 1897, and was satisfied in full March 17, 1897, by attorney, and an entry thereof made in the docket opposite such entry. The execution in question was issued April 13, 1897, solely for collection of the fees of the sheriff, amounting to $11.60, incurred in another action, although the execution recites that they were incurred in the action between the parties named therein. The fees—$11.60—were not inserted in the original execution at the time it was issued. These costs had not then been taxed, and it does not appear that they ever were taxed. They were costs which were incurred after the judgment was satisfied, March 17, 1897, and were never taxed. It is fairly inferable that the sheriff had notice of all these facts before he levied upon the wagon in question, and many of the facts were proven beyond doubt. In fact, there is no dispute as to the facts. The sheriff did not testify in his own behalf.

Upon these facts we do not think that the doctrine that the sheriff was protected in the execution of the process applies, even assuming it to be fair on its face. The proceeding was for the benefit of the sheriff, and, if he was not the instigator of it, there can be no doubt but that he had knowledge of the entire illegal transaction, and was a party to it.

We cannot sanction such a proceeding, and the judgment is affirmed.