# Ferguson v. Starkey.

## False Imprisonment.

(Decided April 8, 1915. 68 South. 348.)

1. *Constitutional Law; Delegation of Power; Quarantine.*—Sec-tions 757-770, Code 1907, constitute a grant of authority to an arm of the state to prescribe rules under which the law can be effectively administered and is a constitutional delegation of the legislative power.

2. *Evidence; Judicial Notice; Law in Force.*—Unless they are of such wide application and established duration as to have become a part of the common knowledge of well informed persons, the courts cannot take judicial notice of such administrative regulation as the State Live Stock Sanitary Board is authorized to prescribe.

3. *False Imprisonment; Arrest; Sheriff's Liability.*—While execut-ing writs regular and valid on their face, and issued from a court or person having jurisdiction in the premises, a sheriff is not required to look beyond the writ or to inquire as to the validity of the pro-ceedings prior to the issuance of the writ, and the arrest of a person by the sheriff on two duly issued warrants charging him with violat-ing the tick law quarantine, and with violating the quarantine laws for live stock, if sufficient to show violations of law, if the regula-tions of the State Live Stock Sanitary Board were then operative in that county, was not an actionable wrong.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Reuben L. Ferguson against Robert O. Starkey, sheriff, for damages for false imprisonment. Judgment for defendant, and plaintiff appeals. Affirmed.

W. H. NORWOOD, for appellant.

BOULDIN & WIMBERLY, for appellee.

SAYRE, J.—Appellant was arrested by appellee as sheriff on two warrants which clearly and without dispute, apart from the specific question to be decided, had been issued in due course of law. One of these warrants showed on its face, as the complaint alleged, that appellant had been charged with "violating the tick law quarantine," the other that he had been charged with "violating the quarantine laws for live stock." In the trial court a demurrer to appellant's complaint for false imprisonment was sustained.

The error assigned and argued is that the complaint showed on its face that plaintiff had been arrested under the authority of valid and legal warrants.

Sections 757-770 of the Code authorize the state live stock sanitary board to prescribe and put into effect rules and regulations for the eradication of the cattle tick, the suppression of other infectious, contagious, or communicable diseases of live stock, and to these ends the establishment of quarantine districts. Section 7083 provides criminal penalties for the violation of such rules and regulations as the board may enact from time to time. As the law now stands these regulations may be put in force only in counties where the major part of their area is under law prohibiting cattle from running at large. Stock laws in reference to cattle running at large are enacted upon a vote of the people in

the districts to be affected. Subject to these restrictions, the statute contemplates that the sanitary regulations to be authorized by the state board shall be put into effect in such localities, in any county, or any part of the state, and when the board shall in its discretion determine.

(1) That the act codified in these sections was a constitutional exercise of legislative power was decided in *State v. McCarty,* 5 Ala. App. 212, 59 South. 543, on reasons there stated, and upon which we are content to let the statute rest. In *Ferguson v. County Commissioners of Jackson County,* 187 Ala. 645, 65 South. 1028, this court, assuming that the major part of the territory of Jackson was not under stock law prohibting cattle to run at large, because the petition there alleged that to be the case, held that, under the act of August 20, 1909, the provisions of the original act in relation to the work of cattle tick eradication did not apply to that county. But that case proves nothing of fact in this.

(2) Of such administrative regulations as the state live stock sanitary board is authorized to prescribe the courts do not take judicial notice, unless they are of such wide application and established duration as to have become a part of the common knowledge of well-informed persons at least.—*Georgia Pacific Ry. Co. v. Gaines,* 88 Ala. 377, 7 South. 382; *Haas v. Hudmon,* 83 Ala. 174, 3 South. 302. We have no knowledge of stock law districts in Jackson county, nor of the specific rules and regulations enacted by the state board, nor of the localities in which such rules and regulations may be operative.

(3) Sheriffs, when executing writs regular and valid on their face, and issued in the ordinary course of justice from a court or person having jurisdiction in the

premises, are not required to look beyond the writs, or to institute an inquiry as to the regularity or validity of the proceedings prior to their issue.—*Brown v. State,* 109 Ala. 70, 20 South. 103. The general designations on the face of these warrants of the offenses for which they have been issued were sufficient to show violations of law if rules and regulations of the state board were operative in Jackson county at the time. Whether such rules and regulations were in effect, and, if so, over what territory effective, and so whether warrants should issue as for violations of the statute, were questions to be determined by the issuing magistrate, and upon his determination the sheriff might safely rely. It follows that the complaint showed on its face no actionable wrong on the part of the sheriff, and that the demurrer to the several counts was properly sustained.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.