(81 South. 609)

BAKER v. SPARKS et al. (8 Div. 171.)

(Supreme Court of Alabama. May 1, 1919.)

1. CORPORATIONS ⬦⟹522 — DEFAULT JUDGMENT—RECORD OF SERVICE.

Where it does not appear in record of default judgment against corporation that proof was made that person on whom service was had was an officer or agent of the corporation, the judgment is void, where the judgment was rendered and all proceedings were had prior to enactment of the act of September 17, 1915

(Acts 1915, p. 607), amendatory of Code, § 5303.

2. SHERIFFS AND CONSTABLES ⬦⟹98(1)—EXECUTION—LIABILITY OF SHERIFF.

In view of Code 1907, § 5871, where execution placed in the hands of the sheriff is valid and regular on its face and has been issued by proper and competent authority out of a court of general jurisdiction with jurisdiction of subject-matter of suit, sheriff is not liable for executing writ according to its mandate.

3. SHERIFFS AND CONSTABLES ⬦⟹122—EXECUTION — COLLECTION OF PROCEEDS — VOID JUDGMENT.

Sheriff who, under execution, levies upon and sells judgment debtor's property, is required to account to judgment creditor for proceeds notwithstanding invalidity of judgment.

4. SHERIFFS AND CONSTABLES ⬦⟹157(5)—EXECUTION—RETENTION OF PROCEEDS—LIABILITY ON BOND.

Where sheriff fails to account to judgment creditor for proceeds of sale of property under execution, sheriff's bondsmen as well as the sheriff himself are liable to judgment creditor; sheriff having received such money in his official capacity.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Suit by James W. Baker, trustee, against James L. Sparks and others. Judgment for plaintiff against named defendant and in favor of other defendants, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Suit by appellant, as assignee of the plaintiff in execution, against the sheriff, J. L. Sparks, and his bondsmen on his official bond, for failing and refusing to pay to plaintiff the proceeds of the sale of property levied upon under said execution.

The cause went to trial upon the complaint and the general issue thereto, resulting in a judgment against the sheriff, Sparks, but in favor of the other defendants, who were his bondsmen, and against the plaintiff as to them. From this judgment, the plaintiff prosecutes this appeal.

It appears that on January 18, 1911, the Line Creek Coal & Coke Company, a corporation, recovered a judgment in the circuit court of Marshall county, in a suit on account, against Sand Mountain Electric Company, a corporation, in the sum of $192.82, together with costs. This judgment was by default, and the record does not disclose that proof was made that the person on whom service was had was an officer or agent of the defendant. A certificate of this judgment, in proper form, was recorded in the probate court on January 28, 1911. On April 27, 1912, an execution in all respects valid and legal upon its face was issued on this

judgment, and placed in the hands of the sheriff who levied on certain land as the property of the defendant, and which land was duly sold by the sheriff, the purchase money collected by him, and deed executed to the purchaser. It was admitted that $330 of the proceeds of said sale was still in the hands of the sheriff, and that plaintiff had demanded said sum of each of the defendants and payment was refused. The evidence shows the appellant was the owner of said judgment by assignment thereof having been made to him.

After the levy a motion was made by the Sand Mountain Electric Company to quash this execution and vacate said judgment on numerous grounds, among them that they were void for the reason the record did not show proof had been made of the agency or official character of the individual on whom service was had. On July 25, 1913, this motion was withdrawn by the Sand Mountain Electric Company, and judgment rendered against it for the costs thereon.

Upon plaintiff offering in evidence the execution under which said sale had been made and money collected by the sheriff, appellees objected on the ground that the judgment on which it was issued was void for the reason the record did not show that the person upon whom service was had was an officer or agent of the defendant. The objection was sustained and the execution excluded. Similar objections were interposed to the judgment offered by the plaintiff, which were sustained and said judgment excluded. Exception was duly reserved by the plaintiff.

Street & Bardford, of Guntersville, for appellant.

John A. Lusk & Son, of Guntersville, for appellees.

GARDNER, J. [1] It does not appear anywhere in the record of the judgment obtained by the Line Creek Coal & Coke Company against the Sand Mountain Electric Company, a corporation, which judgment was rendered by default, that proof was made that the person on whom service was had was an officer or agent of the defendant corporation. Under the uniform decisions of this court, therefore, the judgment was void. Hitt Lumber Co. v. Turner, 187 Ala. 56, 65 South. 807, and authorities there cited. It is to be noted that the judgment was rendered and all proceedings were had long prior to the act of September 17, 1915, amendatory of section 5303 of the Code (Acts 1915, p. 607), and that this act is therefore without influence here.

As to whether or not the subsequent appearance of the defendant corporation making the motion to quash the execution and set aside the judgment upon the above-mentioned grounds, and then withdrawing the same and allowing judgment to be entered to this effect, would be material by way of ratification or estoppel between the parties, need not be here determined.

[2] The execution placed in the hands of the sheriff was entirely valid and regular upon its face, issued by proper and competent authority out of a court of general jurisdiction, and which, of course, had jurisdiction of the subject-matter of the suit. In such a case, therefore, the sheriff, in executing the writ according to its mandate, is, by such execution valid and regular upon its face, protected. Ward v. Deadman, 124 Ala. 288, 26 South. 916, 82 Am. St. Rep. 172; Wilson v. Sawyer, 37 Ala. 631; Clark v. Lamb, 76 Ala. 406; Brown v. State, 109 Ala. 70, 20 South. 103; Ferguson v. Starkey, 192 Ala. 471, 68 South. 348; Spear v. State, 120 Ala. 351, 25 South. 46; Savacool v. Boughton, 5 Wend. (N. Y.) 170, 21 Am. Dec. 181, and note p. 190; section 5871, Code 1907.

The sheriff in the instant case, in obedience to the mandate of the execution, proceeded to a levy and sale of the defendant's property, and has admittedly on hand the sum of $330 as the proceeds of said sale. As a defense, he and his bondsmen attempt to set up the invalidity of said judgment upon the grounds above stated. It may be that, had the sheriff been proceeded against for a failure to execute the writ, he would have been permitted to interpose this defense by way of excuse therefor; but having proceeded to execute the writ and collect the money thereon, he is not in a position to now interpose such defense, but must account to the plaintiff therefor. We take the following pertinent excerpt from Clark v. Lamb, supra:

"It being the duty of the sheriff to execute the writ according to its mandate, if he levies upon and sells property of the defendant, under an execution issued on a judgment not superseded, or collects the money otherwise, he thereupon becomes liable to account to the plaintiff therefor, and no irregularity, not even the nullity of the judgment, will be an excuse for his refusal to account."

And in Hill v. Fitzpatrick, 6 Ala. 314, the following:

"It did not lie in the mouth of the sheriff to object that the judgment of the plaintiff had been satisfied by the payment of another judgment on the same bill. Having collected the money by the authority of an execution on a judgment of the plaintiff, he could not dispute his right to receive the money."

See, also, Nutzenholster v. State ex rel. Sumner, 37 Ind. 457; Watts, Adm'r, v. Colquitt, 66 Ga. 492; Boring v. Williams, 17 Ala. 510.

In Hill v. Fitzpatrick, supra, it is stated that in cases of this character it was not necessary for the plaintiff to produce the judgment upon which the execution issued. And doubtless the exclusion of the judgment in this case offered by the plaintiff would

not be a matter as to which he could complain; but the court also excluded the execution, and we are of the opinion that in this there was reversible error.

[3, 4] As shown by the above authority, the execution being regular on its face, the sheriff was under no duty to go further and search behind the writ, but was protected thereby. The execution was offered for the purpose of showing that the sheriff collected the money thereunder by virtue of his office and so held the same. Having so collected this money, he is held to account to the plaintiff therefor, and, having received it in his official capacity, we see no reason why the judgment should not be rendered against the bondsmen as well as the sheriff.

For the error indicated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.