154 So. 806

### WALKER et al. v. GRAHAM et al.
### 6 Div. 437.

Supreme Court of Alabama.
May 17, 1934.

---

[1] Ante, p. 480.     [2] Ante, p. 321.

576

W. A. Denson, of Birmingham, for appellants.

Wilkinson & Wilkinson, of Birmingham, for appellees.

KNIGHT, Justice.

After successive amendments by striking parties defendant, the action stood against the appellant R. J. Graham and the surety on his official bond, the Fidelity & Deposit Company of Maryland. Graham, at the time of the occurrences complained of, was a deputy sheriff of Jefferson county.

The suit was instituted to recover damages for an alleged trespass, involving a wrongful search of appellants' premises. While the complaint was amended a number of times, no amendment was made, or rather allowed, which changed the form of the action.

Upon the trial, and before the evidence was concluded, the plaintiffs undertook to further amend their complaint by adding an additional count—count 4—but on objection of defendants the court declined to permit this amendment to be made.

Count 4 offered by way of amendment, claimed damages of the defendant Graham, and the surety on his official bond, for wrongfully, maliciously, and without probable cause therefor, procuring the issuance of a search warrant to search the premises of the plaintiffs, and the wrongful search thereof. Divers acts of humiliation and aggravation, in the manner in which the search was made by the defendant Graham, are averred in the complaint.

Count 4, under the facts averred therein, charged a trespass to realty, and stated a cause of action.

The defendant filed pleas of the general issue, and justification under legal process.

The plaintiffs in the court below demurred to defendants' special plea setting up justification under legal process. This plea averred that the trespass complained of was made by the defendant Graham in executing a search warrant issued by J. G. Brooks, ex officio judge of the Jefferson county court of misdemeanors; that in the execution of the war-

rant the said defendant entered the premises of the plaintiffs and searched the same, but did not use any more force than was necessary to execute the process; that "his conduct in searching said premises was not wrongful or unlawful."

Whatever objections there may be to the sufficiency of the defendants' plea of justification, this plea was not subject to any ground of objection assigned thereto.

█ Section 10197 of the Code provides:

"Whenever it appears that the process is regular on its face, and is issued by competent authority, a sheriff or other ministerial officer is justified in the execution of the same, whatever may be the defect in the proceeding on which it was issued."

This statute is but declaratory of the common law which afforded immunity from civil actions for damages to sheriffs and other ministerial officers in the execution of processes of courts of competent jurisdiction. This section was designed, as said in the early case of Wilson v. Sawyer, 37 Ala. 631, "to give legislative sanction to the just and salutary rule, adopted by some courts independently of legislation, that ministerial officers are not responsible for executing any process regular on its face, if the court from which it issues has general jurisdiction to award such process, although it had not jurisdiction in that particular case." To the same effect is our holding in the following cases: Baker v. Sparks, 202 Ala. 653, 81 So. 609; Ward v. Deadman, 124 Ala. 288, 26 So. 916, 82 Am. St. Rep. 172; Clark v. Lamb, 76 Ala. 406; Brown v. State, 109 Ala. 70, 20 So. 103; Ferguson v. Starkey, 192 Ala. 471, 68 So. 348; Spear v. State, 120 Ala. 351, 25 So. 46; McGill v. Varin, 213 Ala. 649, 106 So. 44; King v. Robertson, 227 Ala. 378, 150 So. 154.

While it may be that good pleading would suggest that the process relied upon for justification should be set forth in the plea, yet the demurrer does not take this ground; nor do we commit ourselves to the proposition that pleas of justification under legal process would be subject to demurrer for failing to set forth the process in hæc verba. This question is not here presented.

█ Our conclusion is, as above indicated, that the plea of justification was not subject to any of plaintiffs' stated grounds of demurrer, and the court committed no error in overruling the same.

█ After the court had overruled demurrer to defendants' special plea, the plaintiffs filed a replication thereto in the following language:

"Now come the plaintiffs, and for replication to the defendants' plea No. 3, says (say) the defendant R. J. Graham did swear out said warrant described in plea No. 3 before said J. G. Brooks, ex officio judge of the Jefferson County Court of Misdemeanors, on, to-wit, the 25th day of October, 1930, well knowing that the facts set forth in said warrant, and to which he swore, were false, and without any foundation in fact, and that the said R. J. Graham swore out said warrant solely out of malice and ill-will toward the plaintiffs, and for the purpose of injuring them in their business, well knowing at the time that the matters and things which he swore to in said warrant were untrue and without any foundation of fact."

To this replication the defendants demurred. It is here insisted by the appellees that the replication is a departure from the cause of action stated in the complaint, and, further, that the replication presents an immaterial issue.

We do not think there is any merit whatever in the contention that in their replication the plaintiffs departed from the case made by the original complaint in the cause.

In their complaint, the plaintiffs base their cause of action upon a trespass committed by the defendant Graham upon their property. The defendants attempted to justify their action by pleading that the said Graham was acting at the time under legal process. To this plea, the plaintiffs replied by saying, in legal effect, that the process, search warrant, while fair or legal on its face, was a fraud upon the jurisdiction of the officer who issued it, in that the said Graham procured it to be issued upon a state of facts, known by him at the time to be false, and without foundation in fact, and that the warrant was procured by said Graham "solely out of malice and ill-will toward the plaintiffs, and for the purpose of injuring them in their business, well knowing at the time that the matters and things which he swore to in said warrant were untrue and without foundation in fact." In this reply there was no departure from the original cause of action. 21 R. C. L. § 21, p. 456.

It is also insisted that the replication presented an immaterial issue, and was no answer to defendants' plea of justification. In this view, we cannot agree with counsel for appellees.

While it is true that an officer will ordinarily be protected in execution of a process fair upon its face, yet, if the averments of the replication are true, the defendant Graham procured the issuance of that process by fraud or imposition practiced by him upon the judge of the county court of misdemeanors, solely for the purpose of satisfying his malice and ill-will toward the plaintiffs, and of injuring them in their business, he—Graham—well knowing at the time that the facts represented by him to the judge, and upon which the judge relied in issuing the warrant, were untrue. The demurrer admits these facts to be true.

The rule which justifies an officer, who acts under process apparently regular, though really void, is one of protection merely. "It is a shield, but not a sword." Wilson v. Sawyer, supra.

If, as averred in the replication, the defendant Graham knew the facts upon which the warrant was issued, authorizing the search of plaintiffs' business, were untrue, but he nevertheless represented them to be true to the judge to secure the issuance of the warrant, this conduct upon the part of said Graham was unlawful, and it is a sound principle of law that *no right can be derived from an unlawful act, in favor of one who does the unlawful act.* Collier v. Windham, 27 Ala. 291, 62 Am. Dec. 767; Dearman v. Dearman, 4 Ala. 521; Fambro v. Gantt, 12 Ala. 298.

In the case of Johnson v. Randall, 74 Minn. 44, 76 N. W. 791, 792, it was held: "The sheriff generally acts in a ministerial capacity, and he is bound to execute process issued from a court having jurisdiction, when the power to execute such process is conferred upon him by law, and when it is in due and regular form, and fair upon its face, and properly delivered to him. * * * But this rule of 'process fair on its face' is one of protection merely, and personal to the officer himself, and affords him no shelter where he is the moving party in causing it to be wrongfully issued solely for his own benefit, and where he knows the judgment upon which it is issued to have been paid and satisfied."

In the case of Mudrock v. Killips et al., 65 Wis. 622, 28 N. W. 66, it was held: "A warrant for the arrest of the defendant in a civil action in justice's court, if issued upon an insufficient affidavit, constitutes no ground of defense in favor of the party procuring it, in an action against him for an assault and battery committed in an attempt to execute the warrant. But if such warrant was regular upon its face it is a protection to a person, not a party to the action in which it was issued, *who took no part in procuring it and had no knowledge of the facts in relation to the issuance thereof except what appeared from the warrant itself.*" (Italics supplied.)

In the case of Earl v. Camp, 16 Wend. (N. Y.) 562, 566, in referring to the rule protecting officers in the execution of a process regular on its face, it was observed: "The rule is one of protection merely; and beyond that is not meant to confer any right. The armor which it furnishes, is strictly defensive."

To the same effect in principle is our holding in the case of Caldwell v. Standard Oil Co., 220 Ala. 227, 124 So. 512.

In England, it has been the law from time immemorial that one's house is his castle; *that even a king may not enter it against the consent of the owner,* and the same rule has always prevailed in the states of the Union, but this right is one of protection, of shelter, for defense only, and no one will be allowed to use his home as a sally port for offensive operations. No person will be permitted to turn his castle from a "shield to a sword," it is a shelter but not a sally port. Montgomery v. State, 160 Ala. 7, 49 So. 902. Even so, no one will be permitted to wrongfully procure the issuance of a process by practicing a fraud or imposition upon the court or authority, and seek shelter behind such a process, though it be ever so regular upon its face. He will not be permitted to shield himself behind such a cloak. The statute was never designed to furnish a cloak behind which an offending officer may be sheltered. The statute is the officer's armor only when acting in good faith, and in the execution of the mandate of the court, fair on its face, and not procured by any fraud or imposition on his part. To hold otherwise would convert a useful and salutary rule into one of torture and oppression. Such was not the legislative mind.

If the facts averred in plaintiffs' replication are true, the process relied upon by the defendants would furnish no protection to them in this action.

The replication was not subject to any ground of demurrer assigned to it, and the court committed error in sustaining the same.

Count 4 offered by way of amendment to the complaint was not a departure from the original cause of action. It related to the same transaction, between the same parties, and was not the statement of a different cause of action. This count, under the facts averred, charged a trespass to realty. The

amendment should have been allowed. In the ruling of the court in this particular there was error. Birmingham Gas Co. v. Sanford, 226 Ala. 129, 145 So. 485, 488, 489; Code, § 9513.

It follows that for the errors above pointed out, the judgment of the circuit court must be reversed and the cause remanded for a new trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.